## Mosier *v.* Wolverton, Appellant.

*Practice, C. P.—Trial of several cases together—Trespass—Joint verdict.*

Where a person brings three several actions of trespass for assault and battery against three separate defendants, and it is agreed that the cases should be tried together, and that the jury should render a ver- dict in each of the three cases "separately with respect to the liability, if any, of each of the defendants," it is error for the court to permit the jury to return a verdict for a single amount against the three defend- ants, and to order judgment thereon in favor of the plaintiff against the three defendants jointly.

Argued March 26, 1909. Appeals, Nos. 19, 20 and 21, Jan. T., 1909, by defendants, from judgment of C. P. No. 2, Phila. Co., June T., 1904, No. 2,516, on verdict for plaintiff in cases of H. Cassale Mosier v. Runyon Wolverton, H. Cas- sale Mosier v. Charles R. Hamilton and H. Cassale Mosier v. Florence W. Hamilton. Before MITCHELL, C. J., FELL, MES- TREZAT, ELKIN and STEWART, JJ. Reversed.

Trespass for assault and battery.

In disposing of a motion for a new trial WILTBANK, J., filed the following opinion:

This was a second trial. The sixth, seventh, eighth and ninth reasons for a new trial have been considered together, and will be disposed of as growing out of one circumstance, which was the request of the parties plaintiff and defendants through their counsel, when the cases were called for trial, and after the jury had been sworn as to the defendant Charles R. Hamilton, that the jury be sworn as to the two other de- fendants jointly with Charles R. Hamilton, and the cases be tried as one. The jury was accordingly sworn to try the issue between the plaintiff and the three defendants together.

Three actions had been brought, growing out of an alleged assault and battery upon the plaintiff by a man, his wife and his wife's brother, in a room of the house of the first named,

which had been assigned to the plaintiff as a governess or attendant of a child of the family. The persons engaged, the time and the place were the same. Two of these actions had been instituted in this court, and a third in the court of common pleas No. 3, from which it was later certified to us; and the three cases appeared consecutively on the trial list on Monday, November 2, 1908, on a special order for trial.

When the case closed no points were presented on the part of the defendants bearing upon the subject of the four reasons for new trial we are considering; the court charged the jury upon the assumption that the defense was urged by the group of three, and not by separate members of that group, the instructions purposely discussed the defendants as a joint body; and the jury found one verdict as against the group, which was accepted and recorded. No exception was taken to the form of the verdict before it was entered, nor was any motion made that the jury be further instructed and sent out to determine if any, and what, part of the damages awarded should be charged to one or more of the defendants separately, so that the general finding should not bear upon all indifferently.

The record stood thus until the presentation of the bill of exceptions, when for the first time the trial judge was informed that two papers had been filed by counsel, of their own motion, some time before the trial, and that the disregard of these by him had been error involving a mistrial, notwithstanding the concession that he had known nothing of them till thus apprised, and that the defendants might at any stage of the trial have called attention to them, as especially within their knowledge.

The substance of these papers was as follows:

On May 4, 1905, the plaintiff and Runyon Wolverton and Charles R. Hamilton, two of the defendants, agree that their cases shall be tried together, if reached, as of May 10, 1905, the jury by its verdict "to find separately with respect to the liability of each of the defendants." The trial judge assumed that the three were to go to the proofs and the jury separately, and, as already stated, he directed that the panel be sworn in one only. This was done, and immediately thereupon applica-

tion was made that the jury be sworn in all three together, and this colloquy was had, and noted by the official stenographer:

Counsel for plaintiff and defendants move the court that these three cases be tried together.

The Court: Do you agree to that?

Mr. Shields: Yes, sir.

Mr. Monihan: Yes, sir; we agree.

During the trial there arose an argument as to the competency of a question of counsel, and this colloquy was had, which likewise was noted by the official stenographer:

Mr. Shields: Will your honor allow me to have these objections noted as of record in the Wolverton case?

The Court: This testimony is in all three cases, so that an exception here goes to all three.

Mr. Monihan: Exceptions, so far as the injuries to the abdomen are concerned cannot affect the case of Mr. Wolverton and Mrs. Hamilton.

The Court: We are trying three cases. Every ruling I make applies to the three cases. If it is error as to one it may be corrected as to the other two. You cannot tell. You are simply bound by it. If Mr. Shields feels I have made a mistake in ruling as to one man he cannot object if it is applicable to the other two, and so with you.

This was assented to.

On June 25, 1907, the plaintiff and Runyon Wolverton and Florence W. Hamilton, two of the defendants, agreed that "their cases shall be tried together when the first-named case is reached"—(the case against Wolverton)—"the jury by its verdict to find separately with respect to the liability, if any, of each of the defendants."

Our conclusions are, that the convention of the parties could not make these papers a record without the sanction and order of the court; that without such allocatur the course of our practice under the common law and our statutes could not be effected in this manner by private arrangement of litigants between themselves; that on careful examination the papers will be found inconclusive upon the point now urged by the defendants, and inapplicable to the last trial, even if

for purposes of argument they are regarded as more than nullities—the paper first named refers to a trial as May 10, 1905; and the other refers to the time when "the first-named case" should be reached, even contemplating a trial which took place before that now under review. And finally, in no one of these instruments are all the actions named together. The only united agreement of the three defendants with the plaintiff was reported orally to the trial judge after the jury had been initially sworn as already narrated, and this made no stipulation whatever for a separate verdict. The entry of the verdict on the trial list and the docket was of no significance, those books not being records of the court.

We have then the case of joint tort feasors, and our judgment may be entered as in such cases.

We do not deem it necessary to file an opinion upon the other reasons for a new trial presented by the defendants.

Rule discharged.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,500. Defendants appealed.

*Error assigned* among others was (1) in entering judgment on the verdict.

*A. S. L. Shields*, with him *Samuel M. Clement, Jr.*, for appellants.—The verdict as rendered is insensible in view of the fact that three separate issues were to be tried, and the verdict indicates nothing as to the separate liability of each defendant.

*Henry J. Scott*, with him *James L. Monihan*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 10, 1909:

H. Cassale Mosier brought an action of trespass for an assault and battery against Runyon Wolverton to June Term, 1904, of the court of common pleas No. 2 of Philadelphia county. She also brought a similar action against Charles R. Hamilton to June Term, 1904, of the court of common pleas

No. 5 of Philadelphia county. Pleas were duly filed and both cases were put at issue on the pleadings in the respective courts. On May 4, 1905, by a writing signed by counsel for the parties it was agreed that the cases should be tried together, when reached, in the court of common pleas No. 2, "the jury by its verdict to find separately with respect to the liability of each of the defendants."

The plaintiff in the above actions brought another suit in trespass for an assault and battery committed on the same occasion against Florence W. Hamilton to June Term, 1906, in the court of common pleas No. 3 of Philadelphia county which was subsequently put at issue by a proper plea in that court. On June 25, 1907, by a writing signed by counsel for the parties, it was agreed that this case should be tried with the case of Runyon Wolverton when that case was reached in the court of common pleas No. 2, "the jury by its verdict to find separately with respect to the liability, if any, of each of the defendants." It thus appears by the stipulation of counsel for the parties filed of record that the three cases were to be tried together in the court of common pleas No 2 and that the jury was to render a verdict in each of the three cases, "finding separately with respect to the liability of each of the defendants."

The cases were called for trial in common pleas No. 2 on October 21, 1908, but were continued, the court making an order that "the three issues involved in the cases entitled as above" should be tried on November 2, 1908. On the last-named day the cases were again called for trial when the minutes of the court show the following to have occurred: "Counsel for plaintiff and defendants move the court that these three cases be tried together. The Court: Do you agree to that? Mr. Shields: Yes, sir. Mr. Monihan: Yes sir; we agree." The trial of the three causes proceeded and resulted in a "verdict for plaintiff for $2,500" without any separate verdict being rendered in the three cases. A motion for a new trial was made by the defendants which was subsequently discharged, and the court directed that judgment be "entered in favor of the plaintiff and against the defendants in the sum

of $2,500." In the case against Charles R. Hamilton the docket entries show, as of November 5, 1908, a "verdict for plaintiff, $2,500;" and subsequently the entry of judgment on the verdict. In the case against Wolverton the docket entries of November 5, 1908 show the following: "for verdict C. P. 2, J. '04, 2516;" and that judgment was subsequently entered on the verdict. The docket entries in the case against Florence W. Hamilton are the same as those in the Wolverton case.

An appeal has been taken in each case by the defendant. The only assignment that need be considered is the one alleging error in the entry of judgment against the parties. It is clear that the learned trial judge misapprehended the intention of the parties as well as their agreement when he permitted a single verdict "for the plaintiff" in the trial of the three causes, and in not directing the jury to return a separate verdict in each case. The court in receiving the verdict and entering judgment treated the three causes as having been consolidated into one and tried as such, whereas the record discloses that the parties at no time intended that the cases should be consolidated into one cause or tried as one cause. As suggested in the appellee's brief, "the whole affair (out of which the actions arose) occurred within a short space of time and was one continuous transaction;" but instead of regarding the defendants as joint tort feasors and bringing one action for the assault and battery, the plaintiff elected to separate them and brought three distinct and separate actions against the three defendants. Separate pleas were filed and separate issues framed in the cases, and it was agreed "that these three cases be tried together," and not as one cause brought by the plaintiff against the three parties as joint tort feasors. The plaintiff gave no indication that he intended that the three cases should be consolidated and that one verdict and one judgment should be entered against the three parties jointly. No such intention appears in any of the proceedings until the court permitted a single verdict and entered a joint judgment thereon. This was not permissible under the pleadings nor by any agreement of the parties dis-

closed by the record. During the trial of the causes the court recognized that they were separate actions being tried together. On one occasion the judge in making a ruling said: "This testimony is in all three cases, so that an exception here goes to all three." Again the learned judge said: "We are trying three cases. Every ruling I make applies to the three cases. If it is error as to one it may be corrected as to the other two."

Notwithstanding the contention of the appellee to the contrary, the records disclose a judgment entered in each case in the sum of $2,500. The record will not support these judgments. The verdict returned by the jury was "for the plaintiff" which entitled the plaintiff to a judgment against each of the defendants in the separate actions. The order, however, made by the learned trial judge directed one judgment on the verdict in favor of the plaintiff and against the defendants jointly. This could not be done on the verdict rendered which required a separate judgment to be entered against the three defendants in the several cases. We concede, as was admitted on the argument, that it was not the intention that a judgment for $2,500 should be entered against each of the defendants. In fact, the statement in the case against Florence W. Hamilton claims only $1,000. Of course there was no authority for the prothonotary entering the judgment, as the docket entries disclose he did, against each of the defendants for $2,500. The order of the court was that a judgment should be entered in favor of the plaintiff against the three defendants jointly for that sum. This was error which requires a reversal of the judgment in the three several causes.

The judgment in each of the cases against Runyon Wolverton, Charles R. Hamilton, and Florence W. Hamilton is reversed, and a venire facias de novo awarded.