## BRUCE v. CHESTNUT FARMS–CHEVY CHASE DAIRY.

### No. 7881.

United States Court of Appeals for the District of Columbia.

Argued Jan. 9, 1942.

Decided Feb. 9, 1942.

Mr. Joseph A. Solem, with whom Mr. Raymond J. Nolan, both of Washington, D. C., was on the brief, for appellant.

Mr. Edwin A. Swingle, with whom Messrs. Ernest A. Swingle and Allan C. Swingle, all of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

### PER CURIAM.

This is an action begun in the court below for damages for personal injuries sustained as the result of drinking milk from a bottle containing splinters of glass. At the conclusion of the trial the jury returned to the court room and were asked by the clerk in the presence of the judge and counsel if they had agreed upon a verdict. The jury responded "Yes". Upon being asked what the verdict was, the jury responded, "For the defendant". The clerk then asked, "Is this your verdict, members of the Jury, so say you each and all". The reply was, "Yes". Thereupon the plaintiff's attorney asked for a poll of the jury. The presiding judge stated that he would poll the jury personally. The record then shows that:

"He pointed to one of the Jurors (Mrs. Sinrod) who was at the end of one of the two lines of Jurors, and asked, 'What is your verdict'? She responded, 'For the plaintiff'. The Court said, 'You mean for the defendant?' She responded, 'No, for the plaintiff'. The Court said, 'Do you know who the plaintiff is'? and she said, 'Yes'. The Court said, 'Plaintiff is the one who is bringing the suit, the defendant is the one against whom the suit is brought'. Juror Sinrod replied, 'Yes, I know that, that is the plaintiff (pointing to the plaintiff) and that is his attorney (pointing to Attorney Solem)'.

"In the meantime considerable talking and whispering had arisen in the Jury box. Attorney Swingle, for the defendant, arose and said, 'Well, didn't you agree your verdict was for the defendant in the Jury room'? Whereupon counsel for the plaintiff immediately objected to any interrogation by defendant's attorney of the Juror as to her verdict and also objected to fur-

ther questioning of the Juror by the Court. The Court failed to rule on this objection. Defendant's attorney attempted to continue his questioning but was stopped by the Presiding Judge. Under repeated questioning by the Court, Juror Sinrod said that she had been for the plaintiff all along and said, 'If you mean my own verdict, it is for the plaintiff'. This Juror then said she had agreed in the Jury room to a verdict for the defendant, after listening to the arguments of the other Jurors and in order not to tie up the jury, and then she said in the Jury box, 'I find now for the defendant', 'I thought you were asking how I stood in the beginning in the Jury room. I did agree to a verdict for the defendant'.

"Attorney Solem, for the plaintiff, immediately moved for a mistrial, and the Court responded, 'Don't interrupt me now, I am going to continue with the poll'. The Presiding Judge then continued to poll the Jurors and the next three Jurors each said they found for the defendant. The Judge then came to the fifth Juror. When he asked her what her verdict was, she said, 'For the plaintiff'. The Presiding Judge then asked her if she did not mean the defendant. She responded, 'No, for the plaintiff, and I would like to say something to the Court.' The Judge said, 'This is not the time for that'. Plaintiff, through Attorney Solem, again moved for a mistrial. The Presiding Judge denied this motion and said, 'I am going to finish polling this Jury'. He then continued to poll the Jury, and all the jurors responded for the defendant. Upon completion, he told the Jury they might go. Juror Russell said she wanted to speak to the Judge about the matter. He said, 'No, this is not the time for that'. Attorney Solem again moved for a mistrial and the Judge said, 'I heard you the first time, I won't pass on that now'. This Juror on the poll in the Jury box answered, 'For the defendant'."

On this record, we think the trial court should not have received and recorded the verdict. Not only does the statement, which we have copied as it appears, leave us in doubt whether there ever was an assent by all the jurors to the verdict, but in addition to this, it presents such a situation of confusion and misunderstanding as to require the retrial of the case. A similar dilemma is shown to have arisen in the case of Kramer v. Kister, 187 Pa. 227, 40 A. 1008, 1010, 44 L.R.A. 432, and in

awarding a new trial the Pennsylvania Supreme Court said: "When a juror dissents from a sealed verdict, there is a necessary choice of evils,—a mistrial, or a verdict finally delivered under circumstances that justly subject it to suspicion of coercion or improper influences. We are of opinion that the former is the lesser evil."

■ There can be no question of the right of a juror, when polled, to dissent from a verdict to which he has agreed in the jury room, and when this happens, the jury should either be discharged or returned to their room for further deliberation. It is both unwise and undesirable that the court should enter into an argument with the juror or require an explanation of his change of position. To an even greater degree is it improper to allow counsel to interpose and question the reasons or motives of the juror in changing his mind. The correct practice, when a poll of the jury is asked, is for the clerk to call the roll and ask each juror as his name is called to answer—for the plaintiff, or—for the defendant, and if the responses of the individual jurors are not in complete agreement, the jury should be required to retire and give further consideration to the case.

■ Here when the first juror announced opposition to the verdict as read, counsel interposed to force an explanation of her change of mind. He, in turn, was followed by the judge, until the juror "under repeated questioning" said, "I find now for the defendant," but obviously "convinced against her will—was of the same opinion still". Judges should bear in mind that a good and valid verdict is not dependent on what the juror agrees to in the jury room, but what the juror agrees to when the jury returns into court to give their verdict, and the questioning of the juror by counsel and the court, though doubtless well intended, should not have been indulged. The second dissenting juror when she was interrogated answered "For the plaintiff". The judge then asked her if she did not mean for the defendant, and she responded, "No, for the plaintiff, and I would like to say something to the court". The judge said "This is not the time for that". He then continued to poll the jury, and the others responding "For the defendant", "he told the Jury they might go". Apparently after all of this and after motion for mistrial had been made and consideration post-

poned, the second dissenting juror answered, "For the defendant". But this was too late, for in the meantime the jury had been improperly interrogated, the motion to declare a mistrial had been made and taken under consideration, and the jury discharged. A verdict recorded under these conditions is wholly without meaning or effect. For a full citation of the authorities on the subject generally, see the opinion in Mattice v. Maryland Casualty Co., D.C., 5 F.2d 233.

The judgment of the court below is, therefore, reversed, and a new trial awarded.

Reversed.