Pittsburgh *v.* Dinardo, Appellant.

Argued March 21, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*H. N. Rosenberg*, with him *Rosenberg & Rosenberg*, for appellant.

*Morris M. Berger*, with him *Daniel M. Berger*, and *Berger & Berger*, for appellee.

OPINION PER CURIAM, April 16, 1963:

A Pittsburgh police car, operated by Patrolman Cyrus Cramer, came into collision with an automobile owned by Dominick Dinardo and operated by his son Thomas Dinardo. Cramer brought an action of trespass against Thomas Dinardo for personal injuries; the City of Pittsburgh sued Thomas Dinardo for damages sustained to its vehicle; Dominick Dinardo sued Cyrus Cramer in one action and the City of Pittsburgh in another action for his property damage.

The four cases were consolidated for trial. The jury in open court orally announced in Case No. 1 that both drivers were negligent. In Case No. 2, the jury returned a verdict in favor of the defendant Dinardo. In announcing its verdict in Case No. 3, confusion developed. No. 1 juror said they found in favor of Dinardo. No. 5 juror volunteered: "It can't be," whereupon No. 1 juror said: "I am sorry. I probably answered that improperly," and then added: "There is no fault found." After interrogation by the court, juror No. 1 changed from "no fault found" to "We found negligence on the part of them." In Case No. 4, juror No. 1 announced "Negligence on both parts." Since the owner Dinardo was not present at the accident and was not involved tortiously, the question would arise

as to whether, in view of Cramer's declared negligence, owner Dinardo would not be entitled to a monetary verdict for his property damage.

The trial court instructed the jury to return for further deliberation. On the way from the courtroom to the jury room, juror No. 1 had a seizure of some kind and was unconscious for about fifteen minutes. The court, then, on its own motion, declared a mistrial. The defendant Dinardo appealed seeking a reinstatement of the verdicts arguing that the trial court was without power to declare a mistrial, once the verdicts had been recorded.

We cannot say, in view of the extraordinary situation which developed when the jurors were reporting their verdicts, that the point of no return, as to unalterability of verdict, had been reached.

In the case of *Eastley v. Glenn*, 313 Pa. 130, the jurors, coming to the end of their deliberations of a late Friday afternoon, sealed their verdict and returned to their respective homes. On the following Monday morning, they handed their verdict to the trial judge who read it, and handed it to the clerk who stated in the usual form: "Members of the jury, hearken to your verdict as the court has recorded it; in this issue joined [naming the parties], you say you find a verdict for the defendant and so say you all?" There was no dissent.

Counsel for the plaintiff then polled the jury and two of the jurors stated that they had voted for the plaintiff. The court ordered the verdict be entered as a verdict for the defendant. The plaintiff appealed. In reversing the action of the trial court, Justice KEPHART, later Chief Justice, said: "As the trial judge intimated, the reception of the verdict was irregular. Reading the verdict slip with the prefix, '. . . hearken to your verdict as the court has recorded it,' followed by an oral dissent, with or without poll, by a member

of the jury before dismissal, is not returning or recording a verdict as is required by law. When a jury is polled, as stated in Snaman v. Donahoe's, Inc., 307 Pa. 282, 285: 'The only verdict is that which the jury announces orally in court and which is received and recorded at the direction of the court as the finding of the jury.' To the same effect is Rottmund v. P.R.R. Co., 225 Pa. 410, 414: ' "There is no verdict of any force except a public verdict, given openly in court" ... All the authorities agree that the only verdict is that which the jury announce orally in court and which alone is received and recorded as the jury's finding.' The written verdict, prepared in the jury room and handed to the clerk, when it is objected to as in this case, is no part of the record and has absolutely no significance whatever as the verdict of the jury; the verdict is the oral announcement. . . .

"The verdict in this case was not ordered recorded until the close of the discussion in the assignment room. Prior to that time two jurors, when polled, had varied from the verdict which had been read to them from the form sent with the jury to the jury room. In Scott v. Scott, 110 Pa. 387, 390, where substantially the same situation occurred, it was said: ' "After the verdict recorded the jury cannot vary from it, but before it be recorded they may vary from the first offer of their verdict, and that verdict which is recorded shall stand; . . .," ' and we find no reason to alter this rule."

The *Eastley* decision was cited with approval by Chief Justice MAXEY in the case of *Commonwealth v. Johnson,* 359 Pa. 287, where he also quoted from *Scott v. Scott,* 110 Pa. 387: " 'After the verdict recorded the jury cannot vary from it, but before it be recorded they may vary from the first offer of their verdict, and that verdict which is recorded shall stand.' "

In the present case, conflicting statements were made by the jurors as to just what their verdicts were.

Therefore, the verdicts could not be recorded at that point. While they were in the process of proceeding to possible reconciliation of views with a unanimously reached conclusion to end their labors, one of the jurors was felled by a seizure which could not help but affect the deliberating equilibrium of the rest of the jurors. At any rate, the trial judge, who was present, was of that opinion, and we cannot say, in reviewing the entire matter, that he was in error or that he abused his discretion in ordering a new trial.

Affirmed.

---

CONCURRING AND DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

In my opinion the jury had returned proper verdicts in the cases of *Cramer v. Dinardo* and *Pittsburgh v. Dinardo,* and those verdicts were properly recorded. I would therefore reverse the grant of a new trial in those two cases. However, I agree with the majority of this Court (1) that the jury was confused and rendered no clear verdicts in *Dinardo v. Cramer* and *Pittsburgh v. Cramer,* (2) that those verdicts were not recorded, (3) that under those circumstances the trial Judge acted within his discretion in instructing the jury to retire for further deliberation, and (4) that the 'grant of a new trial in these cases was proper.

Mr. Justice ROBERTS joins in this opinion.