Paul E. MATTHEWS, Appellant,

v.

UNITED STATES, Appellee.

No. 4739.

District of Columbia Court of Appeals.

Argued Feb. 17, 1969.

Decided April 25, 1969.

---

1. Appellees filed no brief in this court and did not appear at oral argument.

David C. Niblack, Washington, D. C., for appellant.

James A. Treanor, III, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Lee A. Freeman, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and FICKLING and GALLAGHER, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted by a jury of petit larceny, D.C.Code 1967, § 22–2202, and was found not guilty of simple assault, D.C. Code 1967, § 22–504.

After the foreman announced the jury's verdict, defense counsel requested that the jury be polled as to the petit larceny. When their names were called, eleven of the jurors simply answered "Guilty." When the ninth juror was polled, however, the following colloquy took place:

Deputy Clerk: Sarah I. Stackhouse.

Stackhouse: Guilty. Your Honor, can I ask about the pettit [sic] larceny?

Court: That is all, either guilty or not guilty.

Stackhouse: I can't express myself any further?

Court: No, you can only—

Stackhouse: *It is conditional.*

Court: *You have to answer either guilty or not guilty.*

Stackhouse: Guilty.

(Emphasis supplied.)

Defense counsel moved for a mistrial after juror Stackhouse was polled and also at the end of the jury poll. The trial judge denied each motion and accepted the jury's verdict. Appellant now contends that the trial judge should have granted his motion for a mistrial or should have sent the jury back for further deliberation.

In 2300 Restaurant, Inc. v. Cavell, D.C. Mun.App., 143 A.2d 637, 638 (1958), which concerned the polling of a jury, we stated:

However, if there had been any equivocation on the part of the juror in responding to the court's inquiries, showing a lack of unanimity, the jury should have been instructed to return to the jury room for further deliberation, or have been discharged.

In the instant case, when the juror stated that her verdict was conditional, the trial judge should have been alerted to the probability that there might not be unanimity in the verdict. Therefore, he should not have *required* the juror to answer "either guilty or not guilty," but should have returned the jury to the jury room for further deliberation.[1]

The juror's subsequent statement of "Guilty" did not serve to remove the uncertainty of her verdict since she was responding to the court's directive that "you have to answer either guilty or not guilty."

In 1857, the court in Wisconsin v. Austin, 6 Wis. 205, 207, said:

Under the present administration of justice in this country, it is impossible to

---

1. *Cf.* Williams v. United States, D.C.Cir., 409 F.2d 471 (decided December 20, 1968); Cook v. United States, 379 F.2d 966 (5th Cir. 1967); Bruce v. Chestnut Farms-Chevy Chase Dairy, 75 U.S.App. D.C. 192, 126 F.2d 224 (1942).

over estimate the importance of preserving the trial by jury in all its purity and integrity. The life, liberty, reputation and property of our citizens are constantly committed to the decisions of a jury. Hence the necessity for the great vigilance and care which are exercised by courts of justice, to secure a free, voluntary, conscientious, and unanimous verdict.

This statement is just as true today as it was over a hundred years ago. Therefore, in the instant case we cannot say with assurance that the jury freely and fairly arrived at a unanimous verdict.[2]

Reversed and remanded for a new trial.

2. We find no merit in appellant's only other contention that the trial court failed to order the Government to produce a statement under the Jencks Act, 71 Stat. 595 (1957), 18 U.S.C. § 3500. The trial judge conducted a hearing and found that no such statement existed. The record supports this finding.