Ernest James **CURRY**, Plaintiff,

v.

**MOORE–McCORMACK LINES, INC.,** Defendant.

*No. 65 Civ. 3541.*

United States District Court, S. D. New York.

June 30, 1970.

Klein & Hirschberger, New York City, for plaintiff.

Browne, Hyde & Dickerson, New York City, John H. Reilly, Jr., New York City, of counsel, for defendant.

MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO REARGUE PLAINTIFF'S MOTION TO SET ASIDE THE JURY VERDICT

MOTLEY, District Judge.

Plaintiff seaman sued to recover for personal injuries sustained in a fall on defendant's vessel in 1964. After the Foreman reported a unanimous verdict of $6500, the jury was polled at plaintiff's request, at which time Juror No. 10 stated that it was *not* her verdict. The remaining jurors were polled, and then the following colloquy took place:

THE COURT: Tell us what you understood the question to be? The question is whether this is your verdict. You remember I told you the verdict of the jury must be unani-

mous. You don't agree with this verdict?

JUROR NO. 10: Well, is he going to die—you said something about his life span.

JUROR NO. 4: Your Honor, she doesn't seem to understand the statistics about the life span of the plaintiff. Yesterday, when the lawyers mentioned abou- [sic] the 20-year expectancy, somehow or other she seemed to get the idea that he wouldn't live that long or that he may die much sooner, which of course we don't know.

THE COURT: You don't agree with this verdict; is that it?

JUROR NO. 10: If he doesn't die I think it is all right, if that isn't true.

THE COURT: If what isn't true?

JUROR NO. 10: That the man's life span is expected to be—is limited—

MR. REILLY: Mr. Sterling and I can stipulate on that.

MR. STERLING: On what?

MR. REILLY: That this accident has nothing to do with Mr. Curry's life expectancy, Mr. Sterling, and I would stipulate with you and your Honor could instruct—

JUROR NO. 10: That is all right, then, I agree.

[Tr. 3–4, Def. Memorandum of Law Supporting Motions, Exh. A].

The parties not having stipulated to the contrary, there is no question as to the requirement of unanimity in the jury's verdict in this case. Rule 48, Fed. R.Civ.P. Defendant contends that Juror No. 10 was merely confused; that her intent was essentially clear; and that she did not really affirmatively dissent from the verdict. Plaintiff contends that Juror No. 10 did dissent; that at the least the jury should have been instructed to retire to the jury room for further deliberation; and that defense counsel, Mr. Reilly, made improper argu-

ment to the jury before a verdict had been reached.

■ "If on the poll of the jury it appears that a juror dissents, the judge may interrogate such juror for the purpose of ascertaining his true position." J. Moore, 5 Moore's Federal Practice § 49.07 at 2239 (2d ed. 1969). Although plaintiff maintains that the jury should have been sent back for further deliberation, it is clear that it is permissible for the judge to inquire as to the true intent of a juror and as to the existence of unanimity among the jury, so long as such inquiry does not have a coercive effect towards a unanimous verdict. Bruce v. Chestnut Farms-Chevy Chase Dairy, 75 U.S.App.D.C. 192, 126 F.2d 224 (1942); see Williams v. United States, 136 U.S.App.D.C. 158, 419 F.2d 740, 746, 751 (1969).

■ The court's questioning of Juror No. 10, however, was immediately interrupted by both another juror, No. 4, and defense counsel, Mr. Reilly, as shown in the part of the transcript quoted *supra*. From Juror No. 4's explanation, and Juror No. 10's immediate assent to the verdict after Mr. Reilly's offer of stipulation, it seems that Juror No. 10 misconstrued the import of the agreement the lawyers had made as to the life expectancy of plaintiff for the purpose of aiding the jury in its award of damages. However, the most that can be said about Juror No. 10's confusion is that she thought plaintiff's injuries were going to affect the length of his life in some way. It is unclear whether, prior to the explanation, she believed that he would die in 20 years as a result of the injuries, or whether he might not even live that long because of them.

The court asked Juror No. 10 whether the verdict returned was her verdict. After Juror No. 4 gave the "explanation" of Juror No. 10's confusion, the court continued to question the latter directly. However, before Juror No. 10 could finish answering the court's second question, Mr. Reilly stated that he and plaintiff's counsel would stipulate that "this accident has nothing to do with Mr. Curry's life expectancy. * * *" It was at that point that Juror No. 10 said, "That is all right, then, I agree."

The court is still of the view that the verdict should have been set aside and a mistrial declared. First, it is impossible from the record made at the time to adequately determine what Juror No. 10's "intent" was with respect to the verdict. Her disagreement with the verdict announced by the Foreman was clearly the result of a lack of understanding as to the relevance of the plaintiff's life expectancy in the jury's deliberations. Most important, Juror No. 10 was improperly subjected to explanation by a fellow juror outside the jury room. In addition the entire jury was subjected to further argument by counsel and a further offer of evidence after the jurors had retired to the jury room to deliberate and before the jurors had, in fact, reached a unanimous verdict. The court is of the opinion that if it had been permitted to examine Juror No. 10 without interruption by another juror and by defense counsel, the court could have instructed the jurors further as to the relevance and weight to be given to life expectancy data, and the court could then have asked the jurors to return to the jury room to try to reach a unanimous verdict. But that did not happen here, and for that reason, the court adheres to its original decision to set aside the verdict in this case as not a unanimous verdict reached by all the jurors after jury deliberations in the jury room.

The court also finds from the record made at the time that the combination of circumstances here "presents such a situation of confusion and misunderstanding as to require the retrial of the case." Bruce v. Chestnut Farms-Chevy Chase Dairy, *supra*, 126 F.2d at 225. Defendant's motion to have the verdict reinstated is denied.

However, the court recognizes that the facts are unusual and that there is comparatively little law on the subject. On the other hand, a speedy final resolution of this controversy might end the matter if defendant ultimately prevails, while there would be the necessity of the time and expense of a new trial were defendant to be required to defer an appeal from the court's order declaring a mistrial. Therefore, the court certifies that its order in open court of May 6 involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

So ordered.