Terry Eugene **HOPKINS**, Plaintiff-Appellee, Plaintiff-Cross-Appellant,

and

George D. Hopkins, Administrator of the Estate of George Rex Hopkins, Plaintiff-Appellant,

v.

Edward L. **COEN** and **C & H** Transportation Company, Defendants-Appellants, Defendants-Appellees, Defendants-Cross-Appellees.

Nos. 19919, 19920, 19971.

United States Court of Appeals, Sixth Circuit.

Sept. 24, 1970.

Edwards, Circuit Judge, dissented and filed an opinion.

Earle T. Shoup, Paducah, Ky., for Edward L. Coen and C & H Transp. Co.

Charles A. Williams, Paducah, Ky., for Terry Eugene Hopkins and George D. Hopkins, Marvin C. Prince, Benton, Ky., Williams, Walter & Miller, Paducah, Ky., on brief.

Before EDWARDS, CELEBREZZE, and McCREE, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal of a diversity action arising out of a collision between two motor vehicles in the Commonwealth of Kentucky. The cause was tried to a jury in the United States District Court for the Western District of Kentucky.

In early March, 1967, two of C&H Transportation Company's trucks were being driven northwardly into Kentucky from Tennessee. Both trucks were being operated over Kentucky highways under permits entitling each to carry 12-foot-wide loads. About thirty miles into Kentucky, the trucks were stopped by the Kentucky State Police who measured the loads and found each to be in excess of 12 feet wide. This matter was communicated to the Kentucky Department of Highways, which issued new permits allowing the trucks to travel over Kentucky roads only long enough to return to Tennessee, and only so long as each was escorted on the return trip by escort vehicles, one in front and one behind. The first of the wide-load vehicles was properly escorted back to Tennessee without incident.

The escort vehicles, which were owned by T. J. Gibson, were in the process of returning the second of the wide-load trucks, which was being driven by Edward L. Coen, back to Tennessee, when a collision occurred between an automobile being driven by George R. Hopkins, in which Terry Eugene Hopkins was a passenger, and one of the escort vehicles. The Hopkins car was traveling northwardly, and the convoy was traveling southwardly, back to Tennessee. The Hopkins car passed the lead escort vehicle and the wide-load truck without contact. Then, apparently, the Hopkins car swerved to its left and struck the rear escort vehicle.

George R. Hopkins, the driver of the car, was killed. Terry Eugene Hopkins,

the passenger in the car, sustained serious injury. The estate of George R. Hopkins brought a wrongful death suit. Terry Eugene Hopkins also sued. Named as defendants were T. J. Gibson, the operator of the escort service, Edward L. Coen, the driver of the wide-load truck and the C&H Transportation Company. Each of the defendants counterclaimed on the ground that George R. Hopkins's negligence was the sole cause of the accident.[1]

Subsequent to the trial of the case, and prior to the jury's deliberations, the District Court submitted to the jury four form verdicts, two of which were to be endorsed by the foreman depending upon the jury's verdict. The four form verdicts provided:

1. "We, the Jury, find against the plaintiff, TERRY EUGENE HOPKINS and for the defendants, EDWARD L. COEN and C&H TRANSPORTATION COMPANY."

2. "We, the Jury, find for the plaintiff, TERRY EUGENE HOPKINS, against the defendants, EDWARD L. COEN and C&H TRANSPORTATION COMPANY, in the sum of $........"

3. "We, the Jury, find for the plaintiff, GEORGE D. HOPKINS, Administrator of the Estate of GEORGE REX HOPKINS, deceased, against the defendants, EDWARD L. COEN and C&H TRANSPORTATION COMPANY, in the sum of $........"

4. "We, the Jury, find against the plaintiff, GEORGE D. HOPKINS, Administrator of the Estate of George Rex Hopkins, deceased, and for the defendants, EDWARD L. COEN and C&H TRANSPORTATION COMPANY."

Following its deliberations, the jury returned to the courtroom and the following colloquy took place:

"BY THE COURT: Ladies and gentlemen, have you arrived at a verdict in this case?

"FOREMAN OF THE JURY: Yes, sir.

"BY THE COURT: Mr. Foreman, will you read the verdict of the jury?

"FOREMAN OF THE JURY: We the jury, find against the plaintiff Terry Eugene Hopkins and the defendants Edward L. Coen—no—We the jury, find against the plaintiff George D. Hopkins, Administrator of the Estate of George Rex Hopkins, Deceased, and for the defendants Edward L. Coen and C&H Transportation Company negligent.

"We the jury, find for the plaintiff, George D. Hopkins, Administrator of the Estate of George Rex Hopkins, Deceased, against the defendants Edward L. Coen and C&H Transportation Company in the sum of zero.

"We the jury, find for the plaintiff, Terry Eugene Hopkins, against the defendants Edward L. Coen and C&H Transportation Company in the sum of $75,000.00.

"BY THE COURT: May I see those verdicts, please, Mr. Foreman?

"FOREMAN OF THE JURY: I believe I fouled up there (Handing documents to the Court).

"BY THE COURT: Well, you find for the plaintiff, Terry Hopkins in the sum of $75,000.00 against the defendants?

"FOREMAN OF THE JURY: Yes, sir.

"BY THE COURT: And you find for the defendants as to the plaintiff George D. Hopkins, is that correct?

"FOREMAN OF THE JURY: Yes, sir.

---

1. At the conclusion of the plaintiffs' proof, the motion of T. J. Gibson for a directed verdict was granted by the District Court. The appeal of the granting of that motion was subsequently voluntarily dismissed by the consent of George D. Hopkins.

"BY THE COURT: I'll ask each individual juror if that is your verdict?"

(WHEREUPON, ALL JURORS INDICATE AFFIRMATIVELY)

"BY THE COURT: Well, thank you very much, ladies and gentlemen. You have been very attentive and diligent throughout the trial of this case."

The Court then discharged the jurors.

On April 30, 1969, five days after the verdicts were read in Court, the District Court entered a "Trial Order" which stated only one of the verdicts, namely the verdict for Terry Eugene Hopkins against Edward L. Coen and C&H Transportation Company in the amount of $75,000.

On May 1, 1969, a judgment was entered by the Clerk of the District Court. The judgment granted Terry Eugene Hopkins $75,000 against Edward L. Coen and C&H Transportation Company. It also granted Edward L. Coen and C&H Transportation Company "any sum paid by defendants to TERRY EUGENE HOPKINS, plaintiff, which is in excess of one-half the amount of" the judgment to Terry Eugene Hopkins, against the estate of George R. Hopkins.

From the briefs of counsel on appeal, it appears that none of the parties requested the opportunity to examine the form verdicts either at the time they were read, or at any time during the immediate post-trial period. Presumably, each side believed that the only verdicts executed by the foreman of the jury were those finding for Terry Eugene Hopkins against Edward L. Coen and C&H Transportation Company; finding against the estate of George R. Hopkins in its suit against Edward L. Coen and C&H Transportation Company.

On August 1, 1969, in the process of preparing the record for appeal, counsel for Edward L. Coen and C&H Transportation Company discovered in the Court file the four form verdicts which had been prepared by the trial court for the use of the jury, all of which had been executed. The verdict numbered "1." above had been signed by the foreman, and a notation had been written across it stating, simply, "NEGLIGENT." The verdict numbered "2." above, likewise, had been executed by the foreman, the numerals "75,000" having been handwritten into the blank space. The verdict numbered "3." above had also been executed by the foreman, and the numeral "0" had been written into the blank space. The verdict numbered "4." above bore the word "NEGLIGENT," and was, like the other three, signed by the foreman.

The existence of verdict No. 1, a verdict against Terry Eugene Hopkins on his claim against Edward L. Coen and C&H Transportation Company, had never been revealed. This verdict was entirely inconsistent with verdict No. 2, awarding Terry Eugene Hopkins $75,000 against the defendants.

On August 5, 1969, Edward L. Coen and C&H Transportation Company filed a motion for relief from judgment under Rule 60(b), Federal Rules of Civil Procedure, stating as grounds therefor the newly discovered, apparently inconsistent verdicts signed by the foreman of the jury and filed with the court records. This motion was supplemented on September 30, 1969, and again, on October 8, 1969. No disposition of this motion was ever made by the District Court.

In summary, the following verdicts were returned at the conclusion of the jury's deliberations: a verdict *for* Terry Eugene Hopkins against the defendants in the amount of $75,000; a verdict *against* Terry Eugene Hopkins for the defendants; a verdict *"for"* the estate of George R. Hopkins against the defendants in the amount of *"$0"*; a verdict *against* the estate of George R. Hopkins for the defendants. Following an abortive attempt by the foreman of the jury to read the verdicts, during which he read parts of all four, the court requested that they be handed to him. The court then read only two of

the verdicts into the record: the one *for* Terry Eugene Hopkins and the one *for* the defendants against the estate of George R. Hopkins. Neither counsel requested that the jury be polled. When the court asked the jury if his rendition was their verdict each juror apparently indicated his approval. Neither counsel was aware of the existence of four, fully executed form verdicts until three months after judgment entry, when counsel for the defendants was in the process of preparing the record for appeal. A motion for relief from the apparently inconsistent verdicts was never disposed of by the trial court.

Motions for relief under rule 60(b) must be filed within a reasonable time, not to exceed one year. Rule 60 (b), Federal Rules of Civil Procedure. In the absence of laches or undue delay, a motion filed within one year of the date of judgment entry is timely. *See* Daly v. Stratton, 304 F.2d 666 (7th Cir. 1962), cert. denied, 371 U.S. 934, 83 S.Ct. 306, 9 L.Ed.2d 270. Under the circumstances of this case, where the parties, with good reason, first learned of the discrepancy three months after the date of judgment entry, and made their motion within days, the motion was timely, and their objection has been preserved.

By general rule, the granting of a new trial is a matter purely within the discretion of the trial court, and it will not be reviewed. *See* Pugh v. Bluff City Excursion Company, 177 F. 399 (6th Cir. 1910). However, where verdicts in the same case are inconsistent on their faces, indicating that the jury was either in a state of confusion or abused its power, a motion to alter or amend a judgment, for new trial, or for relief from the judgment, if timely made, is not discretionary. Cheney v. Moler, 285 F.2d 116, 118 (10th Cir. 1960). *See* Devine v. Patteson, 242 F. 2d 828, 832 (6th Cir. 1957); Wells Truckways, Ltd. v. Burch, 247 F.2d 194, 198 (10th Cir. 1957); Martin v. Payton, 20 F.R.D. 200, 202 (W.D.Ky.1957).

All four verdicts in the instant case are inconsistent with each other. The verdict for Terry Eugene Hopkins against Edward L. Coen and C&H Transportation Company is inconsistent with the verdict against Terry Eugene Hopkins and for Edward L. Coen and C&H Transportation Company. In the absence of these verdicts, which indicate a general state of confusion on the part of the jury, we might have been able to reconcile the verdict for the estate of George R. Hopkins against Edward L. Coen and C&H Transportation Company in the amount of "$0" with the verdict against George R. Hopkins for Edward L. Coen and C&H Transportation Company. *See* Fischer v. Howard, 201 Or. 426, 271 P.2d 1059 (1954); Anno. 49 A.L.R.2d 1328. In the absence of a disposition, by the District Court, of the Appellants' motion for relief from judgment, we have no way of knowing why it selected two of the verdicts from the four that had been executed for entry. Moreover, since only the District Court was aware of the execution of the four inconsistent verdicts, we cannot understand why it, *sua sponte*, did not poll the jury or send it back to the jury room to further deliberate with appropriate instructions to bring back consistent verdicts. Wells Truckways, Ltd. v. Burch, *supra*, 247 F.2d *at* 198. Particularly where, as here, the trial court alone is aware of an inconsistency in verdicts, the primary duty to see that a verdict capable of supporting a judgment is returned rests with the trial court.

Were the errors in the verdicts merely clerical in nature, the problem would easily be remedied. Rule 60(a), Federal Rules of Civil Procedure; Woodworkers Tool Works v. Byrne, 191 F.2d 667, 676 (9th Cir. 1951). Were this Court able to divine that one of the judgments in these consolidated cases was intelligently rendered by the jury, we should remand only the ambiguous one for retrial. Lansburgh & Bro., Inc. v. Clark, 75 U.S.App.D.C. 339, 127 F.2d 331, 333 (1942). But the error is not

merely clerical: the verdicts, as returned, reflect a lack of understanding on the part of the jury. Because the confusion appears to have been general, and insofar as retrial of one of these consolidated cases will require proof of facts of the other, the judgments entered for Terry Eugene Hopkins, against the defendants, and for the defendants against the estate of George R. Hopkins must be remanded to the District Court for a new trial.

The judgment of the District Court for Terry Eugene Hopkins against the defendants below, and the judgment for the defendants below against the estate of George R. Hopkins are vacated, and these causes are remanded to the District Court for a new trial.

EDWARDS, Circuit Judge (dissenting).

Respectfully I record disagreement with the majority reversal of this case for new trial.

This is a negligence action involving death to one of two brothers and serious injuries to another when a car driven by George Rex Hopkins ran off the road as it was seeking to pass an oncoming wide load which defendants had illegally brought into Kentucky, in violation of Kentucky laws. Loss of control resulted in a head-on collision.

Defendants were involved in trucking a large piece of machinery ("a mist extractor") which was 12′ 8″ wide through the state of Kentucky. Kentucky allows a wide load permit up to a 12 foot width and defendants procured such a permit by falsely alleging that the load was 12 feet in width. They had traveled 30 miles into Kentucky when they were stopped by the sheriff and the load was measured. Thereupon the Department of Highways issued a "new permit" directing the two trucks to return to the Tennessee line with an escort vehicle both front and rear. One such truck had been returned to Tennessee, and the other truck was being returned with an escort front and rear when this accident occurred.

Two young men, George Hopkins and Terry Hopkins, were traveling on a straight road, with clear visibility. The road, however, was only 20′ 1″ wide when they approached this wide load vehicle. There was evidence from which the jury could have found that the wide load (plus a flag on a metal rod on the lefthand side which extended another 7½″) definitely extended across the center line. The shoulders of the road were covered with snow and there was evidence that there were no tracks from this truck on the shoulder. Further, there was testimony from a witness named Louie Gardner that the truck in which he had been riding just ahead of the Hopkins car had been forced off the road by this same wide load and that there had been no way to pass the wide load on the pavement.

The record convinces me, as it obviously did the jury, that there was ample evidence that George Rex Hopkins, the driver of the wrecked car, was himself guilty of negligence which contributed proximately to causing the accident and hence barred plaintiff administrator from recovering for his estate.

The record also convinces me that at the time of the accident defendants were driving their illegal wide load so as to protrude over the center line of the highway and that the jury properly could have concluded that this was negligent conduct which was a proximate cause of the accident, thus justifying its verdict of $75,000 damages in favor of plaintiff Terry Eugene Hopkins, the guest passenger.

It should be noted that the District Judge in his charge had instructed the jury that there was no evidence of contributory negligence on the part of plaintiff Terry Hopkins and that as to him their only question was whether or not defendants were guilty of negligence which proximately caused his injuries.

"Now, as to the plaintiff, Terry Hopkins, as heretofore stated, no evi-

dence was introduced showing that he was negligent in any way that contributed to this accident. And since he was a passenger in the car driven by his brother, George Hopkins, plaintiff decedent, any negligence that you may find on the part of George Hopkins that contributed to the injuries of his brother, Terry Hopkins, cannot be imputed to him and, therefore, if you should find from the evidence that the decedent George Hopkins was negligent and find that the defendant was also negligent and that their joint negligence was the proximate cause of the injuries sustained by plaintiff Terry Hopkins, he would then be entitled to a verdict at your hands, although the estate of the decedent brother who was the driver of the car could not recover."

This, then, brings me to the jury foreman's error in filling out the verdict forms pertaining to plaintiff Terry Hopkins—an error which he corrected in open court but which led the trial judge to restate the verdict (as corrected by the jury foreman) to the jury in order to be certain that it was accurate.

The following transcript of the taking of the jury verdicts in open court convinces me that the jury verdicts were properly recorded and given effect in both cases, with a finding for the defendants on the basis of the deceased driver's contributory negligence in the death case, and a finding for plaintiff Terry Hopkins, the guest passenger, on the basis of negligence on the part of the defendants which was a proximate cause of the accident and plaintiff's injuries.

"BY THE COURT: Ladies and gentlemen, have you arrived at a verdict in this case?

"FOREMAN OF THE JURY: Yes, sir.

"BY THE COURT: Mr. Foreman, will you read the verdict of the jury?

"FOREMAN OF THE JURY: We the jury, find against the plaintiff Terry Eugene Hopkins and the defendants Edward L. Coen—no—We, the jury, find against the plaintiff George D. Hopkins, Administrator of the Estate of George Rex Hopkins, Deceased, and for the defendants Edward L. Coen and C & H Transportation Company negligent.

"We the jury, find for the plaintiff, George D. Hopkins, Administrator of the Estate of George Rex Hopkins, Deceased, against the defendants Edward L. Coen and C & H Transportation Company in the sum of zero.

"We the jury, find for the plaintiff, Terry Eugene Hopkins, against the defendants Edward L. Coen and C & H Transportation Company in the sum of $75,000.00.

BY THE COURT: May I see those verdicts, please, Mr. Foreman?

"FOREMAN OF THE JURY: I believe I fouled up there (Handing documents to the Court).

"BY THE COURT: Well, you find for the plaintiff, Terry Hopkins in the sum of $75,000.00 against the defendants?

"FOREMAN OF THE JURY: Yes, sir.

"BY THE COURT: And you find for the defendants as to the plaintiff George D. Hopkins, is that correct?

"FOREMAN OF THE JURY: Yes, sir.

"BY THE COURT: I'll ask each individual juror if that is your verdict?"

(WHEREUPON, ALL JURORS INDICATE AFFIRMATIVELY)

"BY THE COURT: Well, thank you very much, ladies and gentlemen. You have been very diligent and attentive throughout the trial of this case."

I agree fully with my colleagues that it would have been much preferable for the trial judge, after reading the erroneously filled out form to have called it specifically to the attention of counsel

for the parties. But the foreman's statement and correction in open court was sufficient to put counsel for the defendants on notice and he could have pressed prompt inquiry before the verdict and judgment had been entered rather than waiting over three months and then filing a motion for a new trial.

The majority opinion seems to treat the verdict forms as if they constitute the verdict. On the contrary, the jury verdict is the oral statement of same in open court concurred in by the jury and thereafter entered by the court.

The Fifth Circuit has said on this point:

"The only verdict is that which is returned and announced in open court as the verdict of the jury. Bruce v. Chestnut Farms-Chevy Chase Dairy, 75 U.S.App.D.C. 192, 126 F.2d 224 (1942); United States v. Pleva, 66 F.2d 529 (2d Cir. 1933); Mattice v. Maryland Casualty Co., 5 F.2d 233 (W.D.Wash.1925)." Fox v. United States, 417 F.2d 84, 89 n. 5 (5th Cir. 1969).

Judge Gourley put the matter thus in a well-considered opinion:

"It is my further opinion that the verdict as recorded by the jury in open court is the verdict of the jury and that the form prepared in the jury room, though signed by each of the jurors and handed to the clerk, is no part of the record and has no significance whatsoever after the verdict is read to the jury and no dissent is offered by any of the jurors." Finn v. Carnegie-Illinois Steel Corp., 68 F.Supp. 423, 435 (W.D.Pa.1946).

Professor Moore says:

"The jury's verdict is that which the jury announces to the court, in open court, and is received and recorded as the jury's finding. A sealed verdict is an agreement in writing, reached by the jurors, and does not become the jury's verdict until, as just stated, it is announced to and received by the court." 5 J. Moore, Federal Practice ¶ 49.07, at 2237 (2d ed. 1965). (Footnotes omitted.)

*See also* California Fruit Exchange v. Henry, 89 F.Supp. 580, 588 (W.D.Pa.), aff'd, 184 F.2d 517 (3d Cir. 1950).

Here, although one verdict form pertaining to Terry Hopkins was filled out in favor of defendants and marked with the word "negligent," the foreman in open court rejected that form and with the jury's acquiescence read the $75,000 in favor of Terry Hopkins. The judge, after inspecting the forms, restated the verdicts in favor of defendants as to George Hopkins and in favor of Terry Hopkins in the sum of $75,000, again with jury acquiescence.

These proceedings in open court constituted the jury verdict in accordance with the authorities quoted above.

As to the erroneous jury form, I consider it clerical error which was clearly nonprejudicial in nature. Fed.R.Civ.P. 60(a).

The judgment entered on a jury verdict after a lengthy and fair trial should not be lightly set aside, where it did not "affect the substantial rights of the parties." Fed.R.Civ.P. 61.

I would affirm the judgment in both cases.