## Barefoot, Appellant, *v.* Penn Central Transportation Co. et al.

Argued November 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*John Daley,* with him *Barry M. Simpson,* and *Brennan & Brennan,* for appellant.

*Richard S. Dorfzaun,* with him *Theodore O. Struk, Michael W. Burns,* and *Dickie, McCamey & Chilcote,* for appellee.

OPINION BY JACOBS, J., April 3, 1974:

The issue presented by this appeal is whether the lower court erred in recording a verdict when one of the jurors had said on being polled in open court that it was not his verdict, but that he had earlier agreed

to it in the jury room. We find there was no verdict to record, and, therefore, reverse.

Plaintiff commenced this suit in trespass against the Penn Central Transportation Company and the trustees of its property for the wrongful death of his decedent, Ronald Duane Barefoot, a 10-year-old boy. The case proceeded to trial, and the jury returned a written verdict slip finding the plaintiff and defendants negligent. The court below molded the verdict in favor of the defendants, and counsel for the plaintiff requested that the jury be polled. The first eleven jurors answered "yes" when asked by the clerk if this was their verdict, but the twelfth juror replied "no" when asked if this was his verdict. The lower court explained to this juror that their verdict had to be unanimous, and then asked: "Did you agree *in the jury room* that this would be unanimous and you would go along with the rest?" [Emphasis added.] The juror responded that it had been "one against eleven" and "that's why I agreed with them." The juror later added, "I had agreed in the first place, but I disagreed then." Then the lower court said: "Well, now, you can't play fast and loose, you either agree to it or you don't." The twelfth juror answered: "I *agreed* to it." [Emphasis added.] The lower court recorded the verdict for the defendants over plaintiff's objection. After a short discussion between the lower court and plaintiff's counsel, the lower court stated in conclusion: "I'm suggesting this to the jurors, once they make up their mind—there is no compulsion, they are entitled to their own convictions, their own thoughts on it, but *once they agree to a verdict and that is unanimous then that's it. They don't agree to it and then come down here and say they didn't agree to it.* The verdict will stand as recorded, and we'll note your exception." [Emphasis added.]

It has long been the rule in Pennsylvania that the only verdict is that which is announced orally in court

by the jury, and if at that time any juror disagrees, with or without poll, before the verdict is recorded then there is no verdict. *Pittsburgh v. Dinardo,* 410 Pa. 376, 189 A.2d 886 (1963); *Eastley v. Glenn,* 313 Pa. 130, 169 A. 433 (1933); *Kramer v. Kister,* 187 Pa. 227, 40 A. 1008 (1898); *Scott v. Scott,* 110 Pa. 387, 2 A. 531 (1885). In *Dinardo,* the Pennsylvania Supreme Court, quoting from *Eastley v. Glenn,* supra at 133, 169 A. at 434, said: "The written verdict, prepared in the jury room and handed to the clerk, when it is objected to as in this case, is no part of the record and has absolutely no significance whatever as the verdict of the jury." *Pittsburgh v. Dinardo,* supra at 379, 189 A.2d at 888. Thus, it is generally accepted that a juror, when polled in open court, has the right to dissent from a verdict to which he has agreed in the jury room. *Bruce v. Chestnut Farm-Chevy Chase Dairy,* 126 F.2d 224 (D.C. Cir. 1942); *Patterson v. Rossignol,* 245 A.2d 852 (Me. 1968); 53 Am. Jur. *Trial* §1019 (1945); 89 C.J.S. *Trial* §487(c) (1955).

In the present case, the lower court erred in recording the verdict, for there was no verdict to record. The verdict is not what the jurors agreed to in the jury room, but what they agree to in open court. Here, the record only shows that the twelfth juror agreed to the verdict in the jury room. When asked in open court, "Is this your verdict?" he replied, "No." This juror never once said, "I now *agree* to the verdict," but only repeated, "I *agreed* to it." [Emphasis added.]

For the above reasons, the judgment of the court below is reversed, and the plaintiff is granted a new trial.