709 P.2d 1371

**The STATE of Arizona, Appellee,**

v.

**Hector Jesus HERNANDEZ, Appellant.**

**No. 2 CA–CR 3791.**

Court of Appeals of Arizona,
Division 2, Department B.

Oct. 2, 1985.

Reviewed Denied Nov. 27, 1985.

Review Denied Nov. 27, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Gerald R. Grant, Phoenix, for appellee.

Keller & Postero by Nancy Grey Postero, Tucson, for appellant.

OPINION

HATHAWAY, Presiding Judge.

Appellant was convicted of unlawful transportation of heroin valued over $250 and sentenced to a term of 5.25 years' imprisonment. On appeal, the question arises as to whether the jury verdict was in fact unanimous in view of juror Nelson's remark upon polling of the jury that his verdict was guilty but with reservations.

The basic facts of the case are not in dispute and will not be reiterated herein. The sole point on appeal concerns the polling of the jury and one juror's response. After reading of the verdict, defense counsel requested that the jury be polled. Juror Nelson indicated he agreed with the verdict but that he had reservations, but did not wish to discuss it further. The court asked if he needed additional time for deliberations and he stated that he did not. The court then inquired as to whether his verdict was indeed guilty and he replied that it was. The verdict was then accepted and the jury dismissed. A timely motion for new trial was filed by defendant together with a juror affidavit expressing the reasons why juror Nelson had reservations. A hearing was held and testimony was taken from juror Nelson as to his reservations. The motion for new trial was denied and this appeal followed.

 Appellant claims the court erred in accepting the verdict in view of one juror's "reservations," citing *United States v. McCoy*, 429 F.2d 739 (D.C.Cir.1970). In *McCoy*, a juror, when polled, said her verdict was guilty "... with a question mark." 429 F.2d at 741. The court accepted the guilty verdict, with no further questions, over the defendant's objections. The D.C. Circuit Court of Appeals reversed, citing *Matthews v. United States*, 252 A.2d 505,

507 (D.C.App.1969), wherein the court found no assurance that the jury freely and fairly arrived at a unanimous verdict. Appellee takes issue with the *McCoy* case supporting appellant's position in that the *McCoy* court did not give the juror an opportunity to explain her "question mark." In the instant case, such an opportunity was given but refused by juror Nelson. It is true that there is a duty upon the court to ascertain that the verdict was reached unanimously. If there is doubt, it is the court's duty to return the jury for further deliberations or dismiss the jury and declare a mistrial. Rule 23.4, Rules of Criminal Procedure, 17 A.R.S. However, in the matter at bench, the court made a deliberate effort to resolve the juror's reservations and was told the juror did not wish to discuss it further. Upon further inquiry, the court determined from the juror that his verdict was guilty with no expression of reservation. The juror's subsequent explanation of his "reservation" by affidavit was an impermissible attempt to impeach the verdict. See Rule 24.1(d), Rules of Criminal Procedure, 17 A.R.S. We find no error on the trial court's actions finding the verdict was unanimous.

The verdict and sentence are affirmed.

LACAGNINA and LIVERMORE, JJ., concur.