Timothy CRAIN, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 71A03–8602–CR–44.

Court of Appeals of Indiana,
Third District.

June 16, 1986.

Joseph F. Rubin, South Bend, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Presiding Judge.

A jury found Timothy Crain (Crain) guilty of Attempted Robbery, a Class B felony. On appeal, Crain presents us with the following three issues:

(1) Whether Crain's conviction was supported by sufficient evidence;

(2) Whether the trial court erred by admitting into evidence a photograph of Crain taken when he was arrested; and

(3) Whether the trial court erred by not declaring a mistrial when a juror commented on the amount of evidence in this case.

Affirmed.

I.

*Sufficiency of the Evidence*

 When this court is presented with a claim of insufficient evidence to sustain a

criminal conviction, it is well known that we neither reweigh the evidence nor judge the credibility of the witnesses. We look to the evidence most favorable to the State, together with the reasonable inferences to be drawn therefrom and if there is evidence of probative value to support each element of the crime beyond a reasonable doubt we will not disturb the decision of the trier of fact. *Morrison v. State* (1984), Ind., 462 N.E.2d 72, 74.

The evidence supporting the jury's verdict is that on June 6, 1984, Crain and another man entered a gas station and demanded money from the attendant. One of the men then hit the attendant on the head with a tire iron. The attendant was able to escape from the station and called for the police. The would-be robbers fled the scene without taking anything.

Two people in a pickup truck witnessed events at the gas station and directed police to the getaway car. Within twenty minutes the police had apprehended two suspects and returned them to the gas station where they were identified by the two witnesses and the attendant as the perpetrators of the crime.

The testimony of the witnesses in the pickup truck and the attendant provided the jury with substantial evidence of probative value. Certainly, under these circumstances, it was not unreasonable for the jury to find the necessary elements of attempted robbery present in the evidence presented at trial.[1] Since a conviction may be sustained based on the testimony of a single eyewitness, *Greenlee v. State* (1984), Ind., 463 N.E.2d 1096, 1097, we have little difficulty finding the evidence from three eyewitnesses sufficient. *Young v. State* (1986), Ind., 493 N.E.2d 455.

## II.

### Photograph

■ Crain and his cohort left the service station in an automobile. The two witnesses in the pickup truck followed the getaway car until they passed a police vehicle which then took up the chase. Crain was apprehended in the car and transferred to a police vehicle. A photograph taken at the time of the arrest depicts Crain with his hands restrained behind his back sitting in a policeman's squad car. Crain complains that the admission of this photograph into evidence was error because its limited probative value was outweighed by its prejudicial impact.

Both Crain and the State agree that we should review the trial court's decision to admit the photograph by applying our abuse of discretion standard. *Jones v. State* (1983), Ind., 456 N.E.2d 1025, 1029. This standard is deferential to the trial court, and when it is employed we will not disturb a trial court's ruling unless it is clearly against the logic, facts, and circumstances before the court. *Fox v. Fox* (1984), Ind.App., 466 N.E.2d 789, 790, *trans. den.* In this case, the trial court decided that the probative value of the photograph was not outweighed by its

1. West's AIC 35-42-5-1 (Supp.1985) provides:
   A person who knowingly or intentionally takes property from another person or from the presence of another person:
   (1) by using or threatening the use of force on any person; or
   (2) by putting any person in fear;
   commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant, and a Class A felony if it results in serious bodily injury to any person other than a defendant.

   West's AIC 35-41-5-1 (a) provides, in relevant part:
   A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a Class A felony.

tendency to prejudice, and it was admitted into evidence.

In *Johnson v. State* (1983), Ind., 455 N.E.2d 897, a defendant argued that photographs taken at the time of his arrest were improperly admitted at trial because they were cumulative of other testimony and prejudicial since they portrayed the defendant in a state of restraint. In that case, the court ruled that the photographs were graphic, probative evidence that the accused perfectly matched the description provided by the victim. *Id*, at 900. Likewise, in the instant case, the State argues that the purpose of the photographs was to corroborate the verbal descriptions of the assailants given by the witnesses. In light of the *Johnson* holding, we cannot conclude that it was an abuse of discretion for the trial court to admit the photograph at issue.[2]

### III.

#### Mistrial

After the jury returned a written verdict of guilty, Crain requested that the jurors be polled. During that procedure when asked if this was her verdict, one of the jurors responded by saying, "There really isn't a lot of evidence." (R. 408). The trial court then asked the jury to return to the jury room for further deliberations. During the second deliberation, the jury asked the trial court what would happen if all the jurors except one found Crain guilty. The trial court's response was to reread its instructions to the jury. Crain moved for a mistrial. Crain's motion was denied, and a guilty verdict was returned. The jury was again polled, and all jurors responded that this was their verdict.

■ Crain contends that he was denied a fair trial because in a subtle manner the trial court coerced one of the jurors into a guilty verdict. The State responds by arguing that the trial court acted properly, and that Crain is merely speculating that he was prejudiced by allowing the jury to re-deliberate.

It is clear that it is within the trial court's discretion to determine whether it is appropriate under the circumstances of the case to discharge a jury and declare a mistrial. *Young v. State* (1985), Ind., 482 N.E.2d 246, 249. In order to establish that a denial was an abuse of discretion, the appellant must demonstrate that he was placed in a position of grave peril to which he should not have been subjected. *Palmer v. State* (1985), Ind., 486 N.E.2d 477, 483. Too, a mistrial is warranted only when a less extreme action is wholly inadequate. *Williams v. State* (1983), Ind., 455 N.E.2d 299, 306.

■ In the present case, when one of the jurors gave an indication that there may be some doubt about her verdict, the trial court responded by asking the jury to further deliberate, and re-read instructions to them. We discern no evidence from the record that the trial court in any way tried to influence the verdict or prevented a juror from exercising a free choice. Consequently, we do not determine that Crain was prejudiced or placed in a position of grave peril by this procedure.

The present case presents us with circumstances unlike those cases where guilty verdicts have been reversed because the trial court exerted undue pressure on jurors, *e.g.*, *Matthews v. United States* (1969), D.C.App., 252 A.2d 505 (juror stated that his verdict was "conditional"); *People v. Kellogg* (1979), 77 Ill.2d 254, 34 Ill.Dec. 163, 397 N.E.2d 835 (juror being polled asked to change his vote). In those in-

---

**2.** We note that the instant case is distinguishable from those cases dealing with police file photographs (mug shots). Those pictures are generally inadmissible if they imply that a defendant has a criminal record. *Lane v. State*

(1983), Ind., 445 N.E.2d 965, 967. In the present case, Crain's photograph was unlike a mug shot in that there is nothing in the picture to imply whether or not Crain has a police record.

stances, the trial court pressed a juror only to agree or disagree with the announced verdict. In the instant case, the juror was not faced with an "either or" decision, but instead the entire jury was requested to complete the deliberation process. Afterward, when the verdict was again rendered and the jurors re-polled, all of the members without comment agreed that this was their verdict.

In our opinion, the trial court's course of action was appropriate, and it was not an abuse of discretion to decline Crain's invitation to take the extreme action of declaring a mistrial.[3] Thus, in all things, the trial court is affirmed.

HOFFMAN and GARRARD, JJ., concur.

---

3. In his brief, Crain argues that West's AIC 35–37–2–7 (Supp.1985) makes no mention of jury re-deliberation. There is a civil statute, however, which does provides for jury re-deliberations, and it is made applicable to criminal law by West's AIC 35–35–2–2 (Supp.1985), which provides:

In all criminal cases where no provision has been made in this title, the Indiana Rules of Trial Procedure govern. Where no procedure is provided by this title, the trial court may proceed in any manner consistent with applicable statutes or court rules.