Parks, Appellant, *v.* Bishop.

Eberle, Appellant, *v.* Bishop.

Argued February 5, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

*Wm. Y. C. Anderson,* with him *William Charles Brown* and *Charles D. McAvoy,* for appellant.

*Theodore Lane Bean,* for appellee, was not heard.

Per Curiam, March 18, 1929:

R. Bruce Parks and Charles Eberle each, separately, sued J. H. Bishop to recover damages for personal injuries. Counsel of record entered into a stipulation that "the two . . . . . . actions [shall] be tried at the same time, since both are the outgrowth of the same transaction"; and they were so tried. The jury rendered a sealed verdict which reads: "We find for the defendant in this case, Mr. Bishop." After a colloquy between the foreman of the jury and the presiding judge, this verdict was entered separately, on the record of each case, as a finding for defendant. Motions to amend the verdict

and for a new trial were subsequently dismissed, in each case, and judgment was entered in each of them for defendant. Plaintiffs have filed two appeals in this court, which were argued together.

The opinion of the court below, disposing of the before-mentioned motions, states at one place: "We are thoroughly satisfied that the jury intended to render a verdict in favor of the defendant in both cases," and, later, "We have no doubt but it was the intention of the jury to render a verdict in both cases for the defendant."

The only questions stated by plaintiffs as involved on these appeals are: (1) The court having instructed the jury to render two verdicts, should not the verdict as rendered have been set aside? (2) Did the court not err by entering judgment in both cases for defendant, instead of granting a new trial?

In Friedly v. Scheetz, 9 S. & R. 155, 165, this court very early said: "Strict form is not now required in verdicts; it is only to be understood what the intention was, agreeable to which the verdict may afterwards be moulded into form." In the case of Mosier v. Wolverton, 224 Pa. 597, 603, largely relied on by appellant, where a single plaintiff sued three separate defendants and, as here, under agreement of counsel, the suits were all tried at one time, the jury rendered a single verdict of $2,500 "for plaintiff," and a joint judgment was ordered to be "entered in favor of plaintiff and against the defendants in that sum"; thereupon, judgment for the amount named was entered in each suit. On appeal, this court said that the court below had no power to order "one judgment on the verdict in favor of the plaintiff and against the defendants jointly"; but it added that "the verdict by the jury......entitled the plaintiff to a judgment against *each of the defendants* in the separate actions." (The italics are ours.) As there was no way of dividing the amount of the verdict between the three plaintiffs, no proper judgment could be entered on the

several records, and, hence, the court below was reversed for ordering judgment as it did. Here, however, considering that the finding of the jury was in favor of defendant,—meaning, as the trial judge has found, the defendant "in both cases,"—no such difficulty was presented, and judgment could be entered accordingly on the record of each suit.

The judgments are affirmed.