## Palmer *v.* Moses, Appellant.

*Thomas J. Reinstadtler*, with him *Egler, McGregor & Reinstadtler*, for appellant.

*H. Fred Mercer*, with him *H. Fred Mercer, III*, and *Mercer, Buckley & Scully*, for appellees.

OPINION BY HOFFMAN, J., April 12, 1973:

In this appeal, the issue is whether the lower court properly granted a mistrial on the basis that the series of verdict slips lacked certainty.

The verdict slips are set out in footnote 2 of the dissenting opinion. We have examined the record and studied the submitted slips, and we are not convinced that they reveal such a clearly expressed intent. The trial court, after receiving the multiple slips and reading them together, concluded: "I do believe that in view of the series of matters that have now transpired that it is impossible to say with certainty that this jury has an understanding of the problems presented to it and I, therefore, grant the motion for the withdrawal of a juror." We must join the trial court's action in the instant matter.

Underlying the trial court's action is the general rule that a court has broad discretion in molding a

verdict, and a refusal to do so will not ordinarily be reversed unless there has been an abuse of discretion. *Pittsburgh v. Dinardo,* 410 Pa. 376, 189 A. 2d 886 (1963) ; *East Broad Top Transit Co. v. Flood,* 326 Pa. 353, 192 A. 401 (1937).

This Court is guided by the well-established rule that the grant of a new trial lies within the sound discretion of the trial court. See, e.g., *Zeman v. Canonsburg Boro,* 423 Pa. 450, 223 A. 2d 728 (1966).

In the case of *May v. Pittsburgh Railways Co.,* 209 Pa. Superior Ct. 126, 129-130, 224 A. 2d 770 (1966), in reversing a trial court's action in molding inconsistent verdicts and granting a new trial, our Court said: "In order to mold the verdicts, the trial judge had to assume facts which could not be determined from the verdicts. *The rule that a trial court has power to mold a verdict to agree with the obvious intention of the jury,* Wadatz v. Taormina, 356 Pa. 481, 52 A. 2d 220 (1947), *does not apply where the intention of the jury is far from obvious.*

"It has long been the law of Pennsylvania that a new trial is properly granted where verdicts are inconsistent. . . . See Thompson v. Iannuzzi, 403 Pa. 329, 169 A. 2d 777 (1961)." (Emphasis added.)

As it is impossible to conclude that the verdict slips are not inconsistent and clear, we must agree with the trial court's action.

Order of the court below granting a new trial is affirmed.

---

DISSENTING OPINION BY CERCONE, J.:

The lower court granted a mistrial on the basis that the series of verdict slips rendered by the jury made it impossible "to say with certainty that this jury has an understanding of the problems presented to it." The court refused to grant the motion of Hurtis Moses to

accept, record and mold the verdicts and ordered a new trial of the action.[1] Moses has appealed and the issue before us is whether or not the court below abused its discretion in not accepting and molding the verdict. In upholding the trial judge's ruling, the majority has failed to keep in mind the principles stated by the Supreme Court in *Hornak v. Pittsburgh Railway Co. et al.*, 433 Pa. 169, 175, 249 A. 2d 312 (1969): "It is true that a Trial Judge has wide discretion in directing further deliberations by a jury so that the jury might correct matters of informality and uncertainty. (Citing cases). But by the same token, every reasonably possible intendment is to be made in favor of the findings of a jury, and an inconsistency may justifiably be declared to exist only if there is no reasonable theory or conclusion to support the jury's verdict (citing cases)."

I can sympathize with and understand the difficulties faced by the trial judge in the case now before us in his many attempts to secure from the jury verdict slips in correct form. However I believe the collective content of the verdict slips[2] reveals them to evidence,

[1] Compulsory non-suit was granted as to Foss Motors, Inc.

[2] Verdicts in the case of *Palmer v. Hurtis Moses*:

First: "And now, to wit: November 17, 1971, we, the Jurors empanelled in the above entitled case, find Mrs. Palmer negligent and Mr. Moses contributory negligent."

Second: "And now, to wit, November 17, 1971, we, the jurors empanelled in the above entitled case, find for the defendant."

Third: "And now, to wit: November 17, 1971, we, the Jurors empanelled in the above entitled case, find for the defendant."

Verdicts in the case of *Helen and Carl Stroech v. Moses and Palmer (additional defendant)*:

First: "And now, to wit: November 17, 1971, we, the Jurors empanelled in the above entitled case, find Mrs. Palmer negligent and Mr. Moses contributory negligent and award Helen E. Stroech the sum of $10,000.00."

Second: "And now, to wit, November 17, 1971, we, the jurors empanelled in the above entitled case, find for the plaintiff and award Helen E. Stroech $10,000.00 and Carl P. Stroech nothing."

280 consistently and clearly, though not in technically
correct form, their finding that Margaret R. Palmer
and Hurtis Moses, the drivers of the two vehicles in-
volved in the accident were both negligent; that Mrs.
Palmer was not to recover in her suit against Mr.
Moses; and that both Mrs. Palmer and Mr. Moses
were liable to Mrs. Helen E. Stroech, a passenger
in the Palmer automobile, in the amount of $7,000 and
to her husband, Carl P. Stroech, in the amount of
$3,000.

The trial judge should have accepted and molded
the verdicts to accord with this clearly expressed intent
of the jury.

I would therefore reverse his order of mistrial and
remand the case for a recording of a verdict for the de-
fendant in the case of *Margaret R. Palmer v. Hurtis
Moses* (appeal at No. 88, April Term, 1972) and for
recording of verdicts in favor of Helen E. Stroech in the
amount of $7,000 and in favor of Carl P. Stroech, her
husband, in the amount of $3,000 against Hurtis Moses
and Margaret R. Palmer (appeal at No. 89, April Term,
1972).

SPAULDING, J., joins in this dissenting opinion.

---

Third: "And now, to wit: November 17, 1971, we, the Jurors
empanelled in the above entitled case, find for the plaintiff and
award Helen E. Stroech $7,000.00 and Carl P. Stroech $3,000.00."