Palmer *v.* Moses, Appellant.

Argued October 1, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Thomas J. Reinstadtler*, with him *Egler, McGregor & Reinstadtler*, for appellant.

*H. Fred Mercer*, with him *H. Fred Mercer, III*, and *Mercer, Buckley & Scully*, for appellees.

OPINION BY MR. JUSTICE NIX, October 16, 1974:

The question presented by this appeal is whether the trial court abused its discretion in failing to accept and mold the verdicts returned by the jury.

These actions in trespass were instituted to recover for personal injuries and property damage resulting from a two-car accident which occurred on November 29, 1967, in Allegheny County. The exact scene of the collision was the intersection of Route 8 and Burchfield Rd. in Shaler Township. Mr. Hurtis Moses was operating his vehicle in a southerly direction on Route 8 when it came into contact with a vehicle being operated by Ms. Margaret Palmer which had been proceeding in an easterly direction on Burchfield Rd. and was in the process of negotiating a left-hand turn onto Route 8. Both vehicles were damaged and Ms. Palmer and her passenger, Mrs. Helen E. Stroech sustained personal injuries. Ms. Palmer and Mr. and Mrs. Stroech commenced an action against Foss Motors, Inc., a corporation, and Mr. Moses. The claim of Margaret Palmer was subsequently severed and she was joined as an additional defendant. At the close of all of the evidence a judgment of nonsuit was granted as to Foss Motors, Inc. and the cases of *Palmer v. Moses* and *Mr. and Mrs. Stroech v. Moses and Palmer* were submitted to the jury. The jury returned three sets of verdicts and each time the trial judge refused to accept them on the ground that they were not in accordance with his instructions. While the jury was deliberating for a fourth time the court granted the motion of Palmer for the withdrawal of a juror and declared a mistrial. The request of the appellant, Hurtis Moses, to accept, record and mold the verdicts was denied. The Superior Court affirmed the action of the court below with two judges dissenting. *Palmer v. Moses*, 224 Pa. Superior Ct. 276, 303 A.2d 525 (1973). We granted allocatur and now reverse.

The appellees, Margaret R. Palmer, Helen E. Stroech and Carl P. Stroech, first contend that since no specific verdict was entered there was no judgment, therefore, an appeal at this time does not lie. See *Bartkewich v. Billinger,* 430 Pa. 207, 241 A.2d 916 (1968); *Straw v. Sands,* 426 Pa. 81, 231 A.2d 144 (1967); *Lynch v. Metropolitan Life Insurance Co.,* 422 Pa. 488, 222 A.2d 925 (1966); *Weingreen v. Gomberg,* 416 Pa. 567, 207 A.2d 781 (1965); *Menyo v. Sphar,* 409 Pa. 223, 186 A.2d 9 (1962); and *Simpson v. Pennsylvania Turnpike Commission,* 384 Pa. 335, 121 A.2d 84 (1956). It is, however, not here contended that this is an appeal from a judgment but rather that this is an appeal from an order granting a new trial. It is well settled in this jurisdiction that in a proper case an appeal will be entertained from an order awarding a new trial. In *Class and Nachod Brewing Co. v. Giacobello,* 277 Pa. 530, 537, 121 A. 333, 336 (1923), we stated: "From the above review, it may be seen that an order awarding a new trial is one from which an appeal lies; but in such cases the errors complained of have been considered only when appellant alleged the order to be based on a mistake of law involving the assertion of a power which, under the circumstances attending its exercise, was not possessed by the court below, or when the court certified the precise grounds on which its award rested, or when the record plainly demonstrated that the reason claimed by appellant as causing the grant of the new trial was in fact the sole one which influenced the court below in making the order assigned as error." (Parenthetical matter deleted.) See also, *City Products Corp. v. Bennett Brothers,* 390 Pa. 398, 400-401, 135 A.2d 924-25 (1957); *Mozino v. Canuso,* 384 Pa. 220, 224, 120 A.2d 300 (1956); and *Hoban v. Conroy,* 347 Pa. 487, 489, 32 A.2d 769 (1943).

Here the basis for the action of the court below was quite clear: "I do believe that in view of the series of matters that have now transpired (the multiple verdict slips received) that it is impossible to say with certainty that this jury has an understanding of the problems presented to it and I therefore, grant the motion for the withdrawal of a juror." The instant case falls clearly within that category of cases where the record plainly demonstrated that the reason claimed by appellant as causing the refusal of his motion to accept, record and mold the verdict and consequently resulting in the decision to declare a mistrial and the award of a new trial was in fact the sole one which influenced the court below and it is therefore appropriate for us to entertain this appeal. *Hornak v. Pittsburgh Railways Co.*, 433 Pa. 169, 174 n.1, 249 A.2d 312 (1969); see also *Pittsburgh v. Dinardo*, 410 Pa. 376, 189 A.2d 886 (1963).

During this trial the jury returned three sets of verdict slips[1] in a vain attempt to conclude the matter

---

[1] Verdicts in the case of *Palmer v. Hurtis Moses*:

First: "And now, to wit: November 17, 1971, we, the Jurors empanelled in the above entitled case, find Mrs. Palmer negligent and Mr. Moses contributory negligent."

Second: "And now, to wit, November 17, 1971, we, the Jurors empanelled in the above entitled case, find for the defendant."

Third: "And now, to wit, November 17, 1971, we, the Jurors empanelled in the above entitled case, find for the defendant."
Verdicts in the case of Helen and *Carl Stroech v. Moses and Palmer* (additional defendant):

First: "And now, to wit: November 17, 1971, we, the Jurors empanelled in the above entitled case, find Mrs. Palmer negligent and Mr. Moses contributory negligent and award Helen E. Stroech the sum of $10,000.00."

Second: "And now, to wit, November 17, 1971, we, the Jurors empanelled in the above entitled case, find for the plaintiff and award Helen E. Stroech $10,000.00 and Carl P. Stroech nothing."

Third: "And now, to wit: November 17, 1971, we, the Jurors empanelled in the above entited case, find for the plaintiff and award Helen E. Stroech $7,000.00 and Carl P. Stroech $3,000.00."

before they were ultimately discharged over the timely objection of appellant.

When the jury first returned they announced in the case of *Palmer v. Moses* that they found Palmer negligent and Moses contributorily negligent. In the case of *Stroech v. Moses and Palmer,* their verdict was that Palmer was negligent and Moses contributorily negligent and awarded the sum of $10,000 to Mrs. Stroech. No reference was made as to whether any conclusion had been reached by them as to the claim of Mr. Stroech. Upon the receipt of this verdict the court initially expressed its intention to mold the verdicts in the Palmer case for the defendant and in the Stroech case to interpret it to be a finding against both the original appellant, Moses, and the additional appellee Palmer. The court further expressed the view that the jury should be required to deliberate further only as to a determination of separate awards for Mr. and Mrs. Stroech.[2] After further discussion the court contrary to the views originally expressed and over objection by appellant's counsel recommitted the entire cause to the jury for their consideration. When the jury next returned they announced in the case of *Palmer v. Moses* that they found for the defendant and in the case of *Stroech v. Moses and Palmer* that they found for the plaintiff and awarded Helen Stroech $10,000 and Carl P. Stroech nothing. It was quite apparent at that

[2] At this point in the record the following appears: "THE COURT: The terms are not correct but the intent is clear that they are finding Mrs. Palmer and Mr. Moses both negligent. I would, therefor, say to you that I am going to mold the verdicts to be in the Palmer case for the defendant, and in the Straech [sic] case I'm going to interpret that to be against both the original defendant, Moses, and the additional defendant, Palmer. MR. EUHLENSTEIN: You're going to return the jury to mold its own verdict? THE COURT: I'm going to send the jury out only to consider an award for Mr. and Mrs. Straech, separate awards."

juncture the jury had determined that both Palmer and Moses were negligent and that their negligence contributed to the accident. Further, taken together the first and second set of verdicts expressed clearly their opinion that Mrs. Stroech was damaged in the amount of $10,000 while Mr. Stroech had not sustained compensable damages. The court again rejected these verdicts, and required the jury to continue their deliberations with the following instructions: "THE COURT: I cannot accept these verdicts. Ladies and gentlemen of the Jury, I want you to hear a question that you asked me at 3:30. It said, 'Judge Price: We would like to know if we could make separate awards to Mr. Straech [sic] and Mrs. Straech, or we should combine both together?' My answer to that was, any verdict for Mr. and Mrs. Straech must be separated as to each. Now, please recall my charge and my instructions to you on what you consider when you consider damages for Mr. Straech and when you consider damages for Mrs. Straech. Please recall those instructions. I cannot accept these verdicts as they are. I do not know what you intend to do, but I must send you back out with these same verdict slips."

The jury subsequently returned a third pair of verdicts identical to the second except that Mrs. Stroech was awarded $7,000 and Mr. Stroech $3,000. The verdict was again refused by the court and the jury was directed to continue their deliberations. Minutes later the court granted a motion withdrawing a juror and declaring a mistrial. The appellant's request that the third set of verdicts be accepted, recorded and molded to allow for recovery by Mrs. Stroech from both defendant and additional defendant in the amount of $7,000 and Mr. Stroech to recover from both in the amount of $3,000 was refused.

It is basic law in this Commonwealth that strict form is not required in verdicts. What is required is for the jury's intention to be free of ambiguity and

clearly understood. *Parks v. Bishop*, 296 Pa. 91, 145 A. 718 (1929) : "In Friedly v. Scheetz, 9 S. & R. 155, 165, this court very early said: 'Strict form is not now required in verdicts; it is only to be understood what the intention was, agreeable to which the verdict may afterwards be moulded into form.' " Id. at 93, 145 A. at 719. It is only where the verdict is so uncertain that it cannot be clearly ascertained what the jury decided on the issues presented that a court is justified in refusing to accept it. *Pittsburgh v. Dinardo, supra; Anstine v. Penna. R. R. Co.*, 342 Pa. 423, 201 A.2d 774 (1941) ; *Eastley v. Glenn*, 313 Pa. 130, 169 A. 433 (1933) ; *Schmertz v. Shreeve*, 62 Pa. 457 (1870). Additionally as noted by Mr. Justice EAGEN, speaking for this Court in *Hornak v. Pittsburgh Railways Company, supra*: "It is true that a trial judge has wide discretion in directing further deliberations by a jury so that the jury might correct matters of informality and uncertainty. But by the same token, every reasonably possible intendment is to be made in favor of the findings of a jury, and an inconsistency may justifiably be declared to exist only if there is no reasonable theory or conclusion to support the jury's verdict." [Citations omitted.] Id. at 175. In the claim of *Palmer v. Moses*, the third verdict was an exact duplication of the second and a clarification of the first. In each instance an intention to find for the defendant was present and in the second and third attempts that intention was obvious. Throughout their extended deliberations the jury remained fast in their view that both plaintiff's and defendant's negligence contributed to the happening of the event and that as between those parties a finding for the defendant was appropriate. We find no basis to support the trial court's opinion and that of the majority of the Superior Court that there was any uncertainty or ambiguity as to the jury's decision as to that claim.

In *Parks v. Bishop, supra,* where two actions of trespass were brought by two separate plaintiffs against the same defendant and the jury returned one sealed verdict "we find for the defendant," we had no hesitancy in upholding the trial court's entry of judgment for the defendant in each action. Surely the intention of the jury in *Parks* was no clearer than that of the instant jury in the claim of *Palmer v. Moses.*

In the action of Helen Stroech and Carl Stroech against Moses and Palmer the only issues to be resolved were, whether either or both defendants were negligent and if either or both were found to have been then the assessment of the damages to be awarded to Mr. and Mrs. Stroech. From the very first attempt to return a verdict it was clear that the jury had concluded that both Moses and Palmer were negligent. In each of the subsequent attempts to return a verdict the jury persisted in this view which was also consistent with their verdicts in the *Palmer v. Moses* case. That the jury may not have artfully expressed their intention to find against both defendants may be conceded but it cannot be seriously questioned that their intent was clear to all. This is evidenced by the fact that instructions of the court were not addressed to this, at best technical defect, but rather the jury's failure to separate the award to the Stroechs.

After returning the second time, having complied with the admonition that they should set forth the award to be given to Mr. and Mrs. Stroech separately, the jury unequivocally expressed their decision to award Mrs. Stroech $10,000 and Mr. Stroech nothing. Although the court may have then had reason to award a new trial on the basis of inadequacy of verdict, *Bedillion v. Frazee,* 408 Pa. 281, 183 A.2d 341 (1962), there was in our judgment no justification for refusing the entry of the verdict. Between the first and second attempt to reach a verdict there was no evidence of any

inconsistency but rather a demonstration of their sincere effort to clarify the decision to the satisfaction of the court. In a final effort to comply with the court's instruction, the jury apparently reconsidered its original judgment as to the amount of damages to be received by the Stroechs and reduced the amount awarded to Mrs. Stroech and assigned that amount to Mr. Stroech. Here again, the intention of the jury was clear and no ambiguity or uncertainty existed.

In a quite similar factual situation we held that where the jury returned a verdict using the term "not guilty" and "guilty", it was appropriate for the court to receive that verdict since the obvious intention was to express their conclusion on the question of liability. *Hornak v. Pittsburgh Railways Company, supra.* In that instance we stated: "In using the term 'not guilty', the jury, in our view, was merely expressing in laymen's language the legal liability imposed upon certain parties whose acts caused injury, compensable in money damages, to the person and property of other parties. We think that an intelligent consideration of the record indicates that the findings made do fitting justice to the evidence as well as to the court's exposition of the applicable legal principles. If the trial judge entertained a doubt as to what the jury meant by the term 'not guilty,' he should have directed a specific inquiry to them, rather than categorically instructing them that an inconsistency existed, thus jeopardizing perfectly sound verdicts won after a long and arduous trial." Id. at 175-176, 249 A.2d 315-16 (1969).

While we appreciate the trial court's honest desire to protect the record, we cannot become so enmeshed in language that we ignore the clear expression of a conscientious lay jury. The record demonstrates without question that they exerted every effort to perform their duties in accordance with the instructions given and to convey to the court and litigants with all the

clarity they could summon the results of their deliberations. No more can be reasonably required for those not trained in the law. Nor can we discard their diligent effort because of an asserted lack of precision in legal expression.

We accept the view expressed by Judge CERCONE in his dissent in the court below to this effect: "I can sympathize with and understand the difficulties faced by the trial judge in the case now before us in his many attempts to secure from the jury verdict slips in correct form. However, I believe the collective content of the verdict slips reveals them to evidence, consistently and clearly, though not in technically correct form, their finding that Margaret R. Palmer and Hurtis Moses, the drivers of the two vehicles involved in the accident were both negligent; that Mrs. Palmer was not to recover in her suit against Mr. Moses; and that both Mrs. Palmer and Mr. Moses were liable to Mrs. Helen E. Stroech, a passenger in the Palmer automobile, in the amount of $7,000 and to her husband, Carl P. Stroech, in the amount of $3,000." *Palmer v. Moses,* 224 Pa. Superior Ct. 276, at 279-280, 303 A.2d 525 (1973).

The order of the Superior Court affirming the action of the trial Court is reversed; the order of the trial Court declaring a mistrial and awarding a new trial is reversed and the record is remanded with the direction that the verdict for the defendant in the case of Margaret R. Palmer v. Hurtis Moses and the verdict in favor of Helen E. Stroech in the amount of $7,000 and in favor of Carl P. Stroech, her husband, in the amount of $3,000 against Hurtis Moses and Margaret R. Palmer be recorded. All aggrieved parties are then to be given a reasonable opportunity to file post-trial motions based on asserted error other than that disposed of in the present appeals. It is so ordered.