380 A.2d 451

**John RUSIDOFF, Appellant,**

v.

**DeBOLT TRANSFER, INC.**

**Charles PAUGH, Administrator of the Estate of Joyce Arlene Paugh, Deceased, Appellant,**

v.

**DeBOLT TRANSFER, INC.**

Superior Court of Pennsylvania.

Argued April 14, 1977.

Decided Dec. 2, 1977.

Jerome M. Libenson, Pittsburgh, for appellants.

James A. Mollica, Jr., Pittsburgh, with him Richard J. Mills, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ.

PRICE, Judge:

These appeals are from an order of the lower court denying appellants' motion for a new trial. We find the jury verdicts returned in these trespass actions to be ambiguous. We therefore reverse the order of the lower court and remand the case for a new trial.

On June 20, 1973, Joyce Paugh and John Rusidoff were passengers in a car driven by Mrs. Rusidoff. The automobile was proceeding in a southerly direction on Route 38 in Butler County. Appellants allege that, at approximately 8:40 a. m., one of appellee's employees, operating a tractor-trailer in a northerly direction on Route 38, struck a deer with sufficient force to send it crashing into the interior of the Rusidoff auto. As a result of the accident, Mr. Rusidoff was severely injured and Ms. Paugh was killed. A wrongful death and survival action on Ms. Paugh's behalf and Mr. Rusidoff's personal injury action were consolidated for trial, which commenced on February 10, 1976.

Appellants presented much circumstantial evidence to establish the identity of the tractor-trailer, including testimo-

ny describing the approximate size and color of the truck and the load it carried. There was, however, no positive identification of the rig as a DeBolt Transfer vehicle.

After three hours of deliberation, the jury asked the following questions of the Court:

"Can we be told if in the testimony Mrs. Rusidoff told the State Trooper at the time of the accident the description of the truck? Also, what word or words did she use to describe the truck to the pharmacist?"

The court refused to respond to the questions except to tell the jury that it was their recollection of the evidence that should guide them.

The jury subsequently returned verdicts "in favor of the defendant with reservations, due to the evidence provided." Appellants objected to the form of the verdicts and requested that the court order the jury to deliberate further. This motion was denied. Appellants raised several possible points of error, including the form of the verdicts, in their motion for a new trial. Because we find the jury's ambiguous statement insufficient as a verdict, we reverse on that issue and will not address other alleged errors.

█ Although the award of a new trial is in the province of the lower court, it is not an absolute prerogative. The appellate court will review a grant or denial for abuse of discretion. *Decker v. Kulesza,* 369 Pa. 259, 85 A.2d 413 (1952); *Imbrescia v. Charleroi Boro. Auth.,* 211 Pa.Super. 371, 236 A.2d 535 (1967).

█ It is firmly established that strict form is not required in a verdict. It is essential, however, that a jury's intention be free of ambiguity and clearly understood. *Palmer v. Foss Motors, Inc.,* 458 Pa. 535, 327 A.2d 80 (1974). When a jury reaches an ambiguous or improper verdict, one proper remedy is to permit them to correct the mistake or ambiguity. *Ason v. Leonhart,* 402 Pa. 312, 165 A.2d 625 (1960); *Anstine v. Pennsylvania Railroad Co.,* 342 Pa. 423, 20

A.2d 774 (1941). *Pniewski v. Kunda,* 237 Pa.Super. 438, 352 A.2d 462 (1975). Moreover, if a verdict shows confusion and lack of understanding of the issues involved, a new trial may be granted. *Keeler v. Bair,* 407 Pa. 335, 180 A.2d 914 (1962). Verdicts which are not technically correct in form, but which manifest a clear intent on the part of the jury, may be corrected without resort to further jury deliberations or a new trial. *Palmer v. Foss Motors, Inc., supra; Hornak v. Pittsburgh Railways Co.,* 433 Pa. 169, 249 A.2d 312 (1969).

In *Hornak v. Pittsburgh Railways Co., supra,* the jury returned verdicts of "not guilty" in a trespass action. Our supreme court held that the lower court erred in requiring further jury deliberations and ultimately ordering a new trial. Although the verdicts were improperly couched in terms connoting criminal fault, the court found them to be reasonably expressive of civil liability in laymen's terms. If the judge had a question as to the meaning of the verdict, the court stated, he should have inquired directly, rather than merely mandating further deliberations.

Similarly, in *Palmer v. Foss Motors Inc., supra,* the jury was sent out three times for further deliberation. None of the three verdict slips was in proper form. The supreme court held, however, that because it was clear that the jury felt, throughout deliberations, that both plaintiff and defendant were negligent, as between them a finding for defendant would be proper. The lower court was ordered to record the verdicts.

In both *Hornak* and *Palmer,* the juries made definite determinations of liability. The instant case stands in sharp contrast. Here the jury ostensibly found in appellee's favor; however, it noted that its finding was "with reservations, due to the evidence provided." Those words cast serious doubt on the jury's true findings, if indeed it can be said that the jury made ultimate findings in this action.

■ Appellee contends that the words merely demonstrate the jury's thorough understanding of the burden of

proof and their belief that the appellants failed to carry that burden. Perhaps "due to the evidence provided" could fairly be construed as the jury's statement on appellants' failure to carry their burden of proof. However, it is impossible for us to know with certainty what precipitated the jury's words of reservation.[1] Perhaps, as appellee suggests, the verdicts merely evince the jury's aroused sympathy for the victims of this horrendous mishap. On the other hand, the jury may have been declaring its inability to decide the issues without substantive responses to the questions addressed earlier to the court. The words indicate that, for whatever reason, there was no finality to the jury's declarations in this matter.

Counsel for appellants requested that additional deliberations be conducted, but the trial court refused that suggestion. Had such deliberations occurred, these verdicts might have been corrected. Failing that, the grant of a new trial was required. We hold that the lower court erred in permitting these verdicts, which evidenced doubt on the part of the jury, to stand.

The order of the lower court is reversed, and the case is remanded for a new trial.

VAN der VOORT, J., did not participate in the consideration or decision of this case.

1. It is noteworthy that a comma separates "in favor of the defendant with reservations" from "due to the evidence provided." From a grammatical standpoint, this comma indicates that the finding for defendant was with reservation, rather than that the evidence provided caused reservations to exist in the mind of the jury. A strict reading, then, supports and confirms our conclusion that this is an ambiguous and improper verdict.