461 A.2d 800

**FERRICK EXCAVATING AND GRADING, Appellant,**

**v.**

**SENGER TRUCKING COMPANY, a Partnership, and Wilbur A. Senger and Macarius J. Senger Jr., Partners and Individually.**

Superior Court of Pennsylvania.

Argued April 28, 1982.

Filed April 22, 1983.

Reargument Denied July 1, 1983.

Petition for Allowance of Appeal Granted Feb. 8, 1984.

70

William C. Sennett, Erie, for appellants.

William Sesler, Erie, for appellees.

Before CERCONE, President Judge, and BECK and MONTEMURO, JJ.

BECK, Judge:

The Erie County Court of Common Pleas *en banc* granted a motion for a new trial to appellee Senger Trucking Company, on the basis of inconsistency in the jury verdict and error in the trial court's charge, and Ferrick Excavating and Grading Company appeals the order.

In March 1978, Ferrick Excavating entered into an oral agreement with Senger Trucking to transport Ferrick Excavating's wheeled high lift on Senger Trucking's trailer from Erie to a job site in Fairview. No compensation was discussed at the time the agreement was made, although Ferrick Excavating testified that if a bill had been sent by Senger Trucking it would have been paid. Senger Trucking's agent, Richard Senger, the owner's nephew and employee, drove the trailer carrying the equipment, and an employee of Ferrick Excavating, Dennis Herman, rode in the trailer, accompanying Senger. At trial the parties gave conflicting testimony as to instructions on which route to take from Erie to Fairview. In the course of the journey, Senger drove the trailer under a viaduct which was not high enough to allow the machinery on the trailer to pass through, and the equipment was damaged. A jury returned a verdict of $30,500 in favor of Ferrick Excavating.

At the conclusion of the trial, the court charged the jury on negligence, as follows:

The legal definition of negligence is this: Negligence is the want of due care. It is the want or lack of that due care which a reasonable person would exercise under similar circumstances. Now, has the plaintiff—has Ferrick proved to you that the Sengers did anything that a reasonable person would not have done under like circumstances or that Senger did not do something that a reasonable person would have done under like circumstances or did something that a reasonable person would not have done under like circumstances, then Senger would be negligent (N.T. 288, 289).

The jury also received special interrogatories, which were answered as follows:

**Question No. 1:** Do you find that the defendant, Senger Trucking Company, was negligent:

Yes __X__ No _____

**Question No. 2:** If your answer to Question No. 1 was "Yes", was such negligence a proximate cause in bringing about Ferrick Excavating and Grading's damages?

Yes __X__ No _____

**Question No. 3:** Was the plaintiff, Ferrick Excavating and Grading, contributorily negligent?

Yes __X__ No _____

**Question No. 4:** If your answer to Question No. 3 was "Yes", was Ferrick Excavating and Grading's contributory negligence a proximate cause in bringing about Ferrick Excavating and Grading's damages:

Yes _____ No __X__

**Question No. 5:** Taking the combined negligence that was a proximate cause in bringing about Ferrick Excavating and Grading's damages as 100%, what percentage of that negligence was attributable to the defendant, Senger Trucking Company, and what percentage was attributable to the plaintiff, Ferrick Excavating and Grading:

Percentage of negligence attributable to defendant Senger Trucking Company ....... 80%

Percentage of negligence attributable to plaintiff Ferrick Excavating and Grading ... 20%

TOTAL ____100%

If you have found plaintiff, Ferrick Excavating and Grading's negligence to be greater than 50% do not answer Question No. 6.

Question No. 6: State the amount of damages, if any sustained by plaintiff, Ferrick Excavating and Grading, as a result of the accident without regard to and without reduction by the percentage of negligence, if any, that you have attributed to the plaintiff, Ferrick Excavating and Grading.

<u>$30,500</u>

Following the verdict, Senger Excavating moved for a new trial on the basis of (1) error by the trial court in not giving requested instructions on gratuitous and mutual benefit bailment, and (2) irreconcilable inconsistency in the jury's response to questions 3, 4, and 5. We believe the order for a new trial was incorrectly granted.

■■■ The granting or refusal of a new trial on the basis of the weight of the evidence is a matter of the court's discretion and will not be reversed absent a finding of clear abuse of that discretion. *Canery v. Southeastern Pa. Transportation Authority*, 267 Pa.Super. 382, 406 A.2d 1093 (1979). It is well settled that a judge abuses his discretion if, in reviewing the evidence, he grants a new trial because he would have arrived at a different conclusion from that reached by the jurors. *Bertab, Inc. v. Fox*, 275 Pa.Super. 76, 418 A.2d 618 (1980), *Weaver v. Firestone Tire and Rubber Co.*, 267 Pa.Super. 548, 407 A.2d 45 (1979). In the case at bar, however, the new trial was granted for other reasons.

■■■ Where the trial court instructs the jury on the controlling law, and it appears that the instructions do not comport with those required by the facts in the record, a new trial must be granted. *Lambert v. Pittsburgh Bridge and Iron Works*, 227 Pa.Super. 50, 323 A.2d 107 (1974).

The first issue, therefore, is whether the trial court's failure to charge the jury on the distinction between a gratuitous and mutual benefit bailment, as requested by appellee, constituted reversible error. We do not believe that it does. No bailment was created under the facts of the case; therefore no instruction regarding bailment was required or even appropriate.

 A bailment is created when personalty is delivered or deposited for a particular purpose under an implied or express contract that the personalty will be redelivered to the person who originally delivered when the purpose is accomplished. 5 P.L.E. 1. Pennsylvania law distinguishes various kinds of bailments, such as those for the bailor's sole benefit, those for the bailee's sole benefit, and those for mutual benefit. In a mutual benefit bailment the bailee may receive compensation, and he is entitled to compensation if he has given adequate notice of his intention to charge the bailor. 5 P.L.E. 11, 12, 13, 16. Appellee argues, and the *en banc* opinion maintains, that the type of bailment determines what is "reasonable" due care under the circumstances, and since the jury was not instructed on these distinctions, Senger Trucking was deprived of the possible finding that, as gratuitous bailee, they did in fact act in a reasonable manner. The *en banc* court also noted, "The trial judge questions in the instant case as to whether or not any type of bailment actually existed on the facts presented to the jury" (R. no. 1).

In *Sparrow v. Airport Parking Co. of America*, 221 Pa.Super. 32, 289 A.2d 87 (1972) this Court pointed out that in a bailment there must be "relinquishment, for a time, of ... [the bailor's] exclusive possession, control, and dominion over the property" (221 Pa.Superior at 35, 289 A.2d 87). In like manner, our Supreme Court in *Taylor v. Philadelphia Parking Authority*, 398 Pa. 9, 156 A.2d 525 (1959) insisted that a bailment requires that the bailor deliver the custody and control of the item to the bailee.

 In the instant case, Ferrick Excavating entrusted the driving of the trailer carrying the machinery to Senger, but they did not entirely relinquish custody and control. Ferrick Excavating's regular driver, Herman, was sent to ride on the Senger Trucking vehicle to give instructions on the route to be taken to the job site, because Herman had made the trip before and knew the way (N.T. 81, 93, 110, 112). Herman testified that Senger ignored his directions and that the accident and resulting damage was caused by

Senger's failure to heed his instructions. We believe that this constituted negligence, but not in the context of a bailment. We therefore conclude that the trial court's instructions on negligence were not in error.

The principal reason that a new trial was granted was a perception of inconsistency in the jury verdict. In effect, the jury said, in response to interrogatories no. 3 and 4, that Ferrick Excavating was contributorily negligent, but that such contributory negligence was not a proximate cause of damage. In answer no. 5, the jury said that 20% of the negligence that was a proximate cause of the damage was attributed to Ferrick Excavating.

██ Irreconcilable inconsistencies in jury verdicts are not permissable in jury actions. *Baldassari v. Baldassari*, 278 Pa.Super. 312, 420 A.2d 556 (1980); *Pniewski v. Kunda*, 237 Pa.Super. 438, 352 A.2d 462 (1976). For example, a verdict which is contradictory in its very terms cannot be split, leaving one part standing and deleting the rest. In *Donaldson Iron Co. v. Howley Construction Co.*, 226 Pa. 445, 75 A. 685 (1910) the jury verdict indicated that the sum of money in issue was due to the plaintiff, and also that it was not due, but payable upon a contingency. This verdict had to be stricken in its entirety, and a new trial granted.

██ When there is a question of whether jury findings are consistent or inconsistent, the rule is that consistency will be presumed if at all possible. *Beyrand v. Kelly*, 434 Pa. 326, 253 A.2d 269 (1969). In appellate review, every reasonable possible construction is to be made in favor of the findings of a jury, and an inconsistency may be declared only when there is no reasonable theory or conclusion to support the jury's verdict. *Hornak v. Pittsburgh Ry. Co.*, 433 Pa. 169, 249 A.2d 312 (1969).

██ The decision to amend a verdict or to grant a new trial is within the discretion of the trial court. Usually these discretionary decisions are concerned with manifestly excessive or inadequate verdicts, or when a jury finds liability on the part of a principal but not an agent, when

the only foundation for the principal's liability is the imputed liability of the agent, as under the doctrine of respondent superior. *Matkevich v. Robertson,* 403 Pa. 200, 169 A.2d 91 (1961). When a jury returns an ambiguous or improper verdict, one proper remedy is to permit them to correct their mistake, rather than order a new trial. *Rusidoff v. De Bolt Transfer, Inc.,* 251 Pa.Super. 208, 380 A.2d 451 (1977). We have held that while it is better procedure to have the jury mold the verdict before it is discharged, it is also possible to mold the verdict at a later time.

> "[T]he court's power to amend or mold a verdict is not limited to the time when it is rendered and recorded. While it is better procedure to mold the verdict before the jury is discharged, it may be done later where the meaning is clear."

*Westra v. Bennick,* 245 Pa.Super. 257, 260–61, 369 A.2d 392, 393 (1976), quoting *Longberry et al. v. Paul,* 205 Pa.Super. 435, 438, 211 A.2d 107 (1965). This molding of the verdict is occasionally mandated when the intention of the jury is clear, but there is some confusion arising from the filling out of forms. *Richards v. Dravo,* 249 Pa.Super. 47, 375 A.2d 750 (1977). We have held that when the total verdict returned by a jury was not excessive, but a mistake occurs in the filling out of forms, the mistake should be corrected in order to avoid another expensive and unnecessary trial. *Buchecker v. Reading Co.,* 271 Pa.Super. 35, 412 A.2d 147 (1979). The Supreme Court has found abuse of discretion in the trial court's failing to accept and mold the verdicts of the jury and ordering a new trial instead of molding. *Palmer v. Moses,* 458 Pa. 535, 327 A.2d 80 (1974). In that case (also one in which negligence and contributory negligence were in issue) the jury returned three successive verdicts and the trial court ultimately declared a mistrial. The Supreme Court declared:

> While we appreciate the trial court's honest desire to protect the record, we cannot become so enmeshed in language that we ignore the clear expression of a conscientious lay jury. The record demonstrates without ques-

tion that they exerted every effort to perform their duties in accordance with the instructions given and to convey to the court and litigants with all the clarity they could summon the results of their deliberations. No more can be reasonably required for those not trained in the law. Nor can we discard their diligent effort because of an asserted lack of precision in legal expression. (458 Pa. at 544–45, 327 A.2d 80).

■■■ We believe that in the instant case the jury clearly intended to express the belief that Ferrick Excavating was contributorily negligent and responsible for 20% of the total damages of $30,500. When one party moves for a mistrial because of excessiveness of the verdict, a proper remedy is for the court to reduce the verdict by an order of remittitur, in order to spare the parties the ordeal of a new trial. *Wright v. Engle,* 256 Pa.Super. 321, 389 A.2d 1144 (1978). In *Wright v. Engle,* the plaintiff indicated a willingness to have the court settle a challenged verdict by that technique.

We believe that this jury's verdict may be rendered consistent by disregarding the response to interrogatory no. 4. As Ferrick Excavating points out, the jury made its basic findings of negligence, contributory negligence, and proximate cause in the first three questions. These answers are all consistent: Senger Trucking was negligent, its negligence was the proximate cause of Ferrick Excavating's damage, and Ferrick Excavating was contributorily negligent. These answers reflect the factual findings of the jury on the issue of negligence. If there was any confusion or inconsistency, it related to how the verdict should be molded once these factual findings were made, i.e. the relationship of interrogatory no. 4 (Ferrick Excavating's negligence was not the proximate cause of the damage) and no. 5 (20% of the negligence that was the proximate cause of the damage was that of Ferrick Excavating). We believe that this apparent inconsistency can be remedied by molding the verdict so that damages awarded will reflect the basic factual findings of the jury.

Here, Ferrick Excavating has expressed a willingness to have the court direct a remittitur of 20% of the award (Appellants's brief, p. 24). We conclude that the appropriate resolution of any question that may be raised by the jury's responses should be resolved by taking the answer to interrogatory no. 5 (which is consistent with nos. 1, 2, 3, and 6) to express the jury's intent. In doing so we follow the rule expressed in *Beyrand v. Kelly, supra,* and *Hornak v. Pittsburgh, supra,* of finding consistency wherever possible. We therefore order a remittitur of the amount awarded to Ferrick Excavating in no. 6, i.e. $30,500, of 20%.

The order of the lower court ordering a new trial is reversed. Ferrick Excavating is awarded $24,400 in damages.