480 A.2d 303

**William M. GOERTEL and Donald E. Goertel**

**v.**

**Jeff MUTH and Tommi Sue Muth, Appellants.**

Superior Court of Pennsylvania.

Argued Nov. 22, 1983.

Filed Aug. 10, 1984.

Michael P. Shay, Bethlehem, for appellants.

Barbara L. Hollenbach, Bethlehem, for appellees.

Before MONTEMURO, WATKINS and CERCONE, JJ.

CERCONE, Judge:

 Appellants contend that the jury's verdict was not so ambiguous and unclear that a new trial was warranted.[1] We agree, and, accordingly reverse the order of the lower court and remand for judgment to be entered on appellants' behalf.

This case arose from a vehicular intersection accident in Easton, Pennsylvania, on April 29, 1978. Plaintiff-appellee William M. Goertel and Donald E. Goertel filed an action in

1. An order awarding a new trial is one from which an appeal lies. *Palmer v. Foss Motors, Inc.,* 458 Pa. 535, 327 A.2d 80 (1974).

trespass against defendants-appellants Jeff Muth and Tommi Sue Muth for personal injuries which William M. Goertel sustained. William M. Goertel and Tommi Sue Muth were driving their respective vehicles when they collided. The basic issue at trial was who had the green light. Each side presented testimony and a jury verdict form was prepared by the court with suggestions by counsel for the parties in conformity with the Comparative Negligence Statute.[2] It is this form which gave rise to the new trial grant, owing to the responses by the jury.[3]

## SPECIAL VERDICT

## QUESTIONS FOR JURY

1. Was Tommi Sue Muth negligent?

YES X

NO 

(If Answer is "YES", go to next question. If answer is "NO", return to the court room.)

2. If the answer to question # 1 is "YES," was Tommi Sue Muth's negligence a substantial factor in bringing about damages to William M. Goertel?

YES 

NO X

(If answer is "YES" or "NO", go to next question.)

3. Was William M. Goertel negligent?

---

**2.** 42 Pa.C.S.A. § 7102(a)

 **(a) General rule.**—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

**3.** We are concerned in this appeal with the two parties who were driving. They will be referred to as plaintiff and defendant, in order to avoid confusion.

182

| | | |
|---|---|---|
| YES | | X |
| NO | | |

(If answer to question # 3 is "YES," go to next question. If answer is "NO," go directly to question # 6.

 4. If the answer to question # 3 is "yes," was William M. Goertel's negligence a substantial factor in bringing about damages to William M. Goertel?

| | | |
|---|---|---|
| YES | | X |
| NO | | |

(If answer is "YES" or "NO", go to next question.)

 5. What was the percentage of causal negligence of each party for the total happening of the accident? TOMMI SUE MUTH (Answer only if answer to question # 1 and question # 4 is "YES."

 10 %

WILLIAM GOERTEL (Answer only if answer to question # 3 and question # 4 is "YES."

 90 %

Plaintiff and defendant total 100%.

 (Proceed to question # 6)

 6. State the total amount of damages, if any, sustained by the plaintiff, William Goertel, as a result of the accident without reduction by percentage of causal negligence, if any, that you attributed to any party: $500,000.00

 WILLIAM M. GOERTEL _____

After the jury returned its verdict, the defendants moved that the verdict be molded in their favor. The trial court did so. That is, because the jury found the plaintiff to be 90% responsible, with 10% to the defendant, the plaintiff could recover nothing, under the Comparative Negligence Statute.

After the filing of exceptions, the court granted a new trial because of the answers to questions 2 and 5 of the

verdict form. The jury indicated in its answer to question 2 that the defendant's negligence was not a substantial factor in the injuries incurred by the plaintiff.[4] The Court had instructed the jury that the plaintiff had the burden to convince them that the defendant acted negligently, and, then, that the negligence was a substantial contributing factor in bringing about the plaintiff's injuries.

"This is what the law recognizes as legal cause and a substantial factor is an actual, real factor, although the result may be unusual or unexpected, but it is not an imaginary or a fanciful factor or a factor having no connection or only an insignificant connection with the accident."

Then, the trial court explained the comparative negligence law to the jury which they were to apply if they determined that plaintiff himself was negligent.

Under this Act, if you find that the defendant was causally negligent and you find that the plaintiff was also causally negligent, it will then be your duty to apportion the relative degree of causal negligence between the defendant and the plaintiff.

Now, in arriving at a result that is fair and reasonable, under the facts of this accident, you will have to make

---

4. The court *en banc* states in its opinion that now in hindsight it realized that the jury should have been instructed to return to the courtroom if their answer to #2 was "no". However, in *Hilbert v. Katz*, 309 Pa.Superior Ct. 466, 455 A.2d 704 (1983) (per curiam, with two judges concurring in the result) the same verdict form was given to the jury in another motor vehicle trespass case. The jury was instructed on the form to return to the courtroom if their answer to #2 was in the negative. This they did and the trial court granted a new trial. "Hindsight instructs us that the jury should have been instructed to answer the remaining interrogatories." We note that confusion may arise whether or not the jury returns to the courtroom after a finding that the defendant's negligence was not a substantial factor in bringing about a plaintiff's injuries. Our court reversed the grant of a new trial in *Hilbert v. Katz*, on two grounds; first, "Uncertainty as to the underlying reason for the jury's verdict (the position taken on the trial court's order) is not a valid reason for granting a new trial," and because the jury's finding was not contrary to the weight of the evidence.

that apportionment. If you find that the plaintiff's causal negligence was greater than the causal negligence of the defendants, then the plaintiff is barred from recovery and you need not consider what damages should be awarded, but if you find that the plaintiff's causal negligence was equal to or less than the causal negligence of the defendant, then you must set forth the percentages of causal negligence that is (sic) attributable to the defendant and the total of these percentages must be a hundred per cent. You will then determine the total of the amount of damages to which the plaintiff would be entitled if he had not been contributorily negligent and, in other words, in finding the amount of damages, you do not consider the degree of the plaintiff's fault. After you return the verdict, the court will reduce the amount of damages you have found in proportion to the amount of the causal negligence, which you have attributed to the plaintiff.

■ The court decided that since the jury answered that defendant's negligence was not a substantial factor of plaintiff's injuries, which ordinarily means the defendant's negligence was not a proximate cause of plaintiff's injuries, yet attributed 10% negligence to defendant, that the jury "exhibited its confusion with the issue of probable cause." Of course, plaintiff argues that by assessing the 10% to defendant, the jury nullified question 2 and indicated that it thought that defendant's negligence was indeed a substantial factor in bringing about his injuries. However, our review of the record convinces us that the result which the court originally ordered in molding the verdict for the defendant was the intention of the jury. We find that a new trial is unnecessary.

Although the award of a new trial is in the province of the lower court, it is not an absolute prerogative. The appellate court will review a grant or denial for abuse of discretion. (cits. om.)

It is firmly established that strict form is not required in a verdict. It is essential, however, that a jury's inten-

tion be free of ambiguity and clearly understood. *Palmer v. Foss Motors, Inc.,* 458 Pa. 535, 327 A.2d 80 (1974). When a jury reaches an ambiguous or improper verdict, one proper remedy is to permit them to correct the mistake or ambiguity. *Ason v. Leonhart,* 402 Pa. 312, 165 A.2d 625 (1960); *Anstine v. Pennsylvania Railroad Co.,* 342 Pa. 423, 20 A.2d 774 (1941). *Pniewski v. Kunda,* 237 Pa.Superior Ct. 438, 352 A.2d 462 (1975). Moreover, if a verdict shows confusion and lack of understanding of the issues involved, a new trial may be granted. *Keeler v. Bair,* 407 Pa. 335, 180 A.2d 914 (1962). Verdicts which are not technically correct in form, but which manifest a clear intent on the part of the jury, may be corrected without resort to further jury deliberations or a new trial. *Palmer v. Foss, supra; Hornak v. Pittsburgh Railways Co.,* 433 Pa. 169, 249 A.2d 312 (1969).

> *Rusidoff v. DeBolt Transfer, Inc.,* 251 Pa.Superior Ct. 208, 211–212, 380 A.2d 451, 453 (1977).

We do not feel that the record discloses a substantial degree of uncertainty and confusion in the minds of the jury. We base our interpretation of the jury's findings on a consideration of the verdict form as a whole. As it concerns the defendant, the form indicates that she was negligent, but that her negligence was not a substantial factor of plaintiff's injuries. It also indicates that the jury felt her negligence was only in the amount of 10% liability. Under the Comparative Negligence Statute, this constitutes a verdict for the defendant, since the jury determined plaintiff's negligence to be greater than that of defendant: ninety per cent (90%). A polling of the jury revealed their unanimous determination that plaintiff was 90% negligent and that defendant was 10% negligent. It seems to us that the jurors' response to question 2 that defendant's negligence was not a substantial factor in causing the plaintiff's injuries only serves to buttress the 90–10% allocation of liability. We find this to be so especially in light of the fact that

even if question 2 were answered in the affirmative which on the surface would indicate that the jury did understand the concept of "proximate cause," that the result would be the same. And this is where the trial court perceived confusion on the part of the jury.[5]

As our Supreme Court said in *Palmer v. Foss Motors, Inc., supra,*

"... we cannot become so enmeshed in language that we ignore the clear expression of a conscientious lay jury. The record demonstrates without question that they exerted every effort to perform their duties in accordance with the instructions given and to convey to the court and litigants with all the clarity they could summon the results of the deliberations. No more can be reasonably required for those not trained in the law. Nor can we discard their diligent effort because of an asserted lack of precision in legal expression."

*Id.,* 458 Pa. at 544, 327 A.2d at 85.

Our review of the record persuades us that the intent of the jury was to find that the defendant was not liable for the injuries suffered by plaintiff, but that his own behavior caused them.

Therefore, because we find that the grant of a new trial was error, we reverse the order of the trial court and reinstate the jury verdict for the defendant. We remand with the direction that judgment for the defendant, Tommi Sue Muth, be entered. We make no restrictions on plaintiff's right to appeal from that judgment on asserted error other than that disposed of in the present appeal.

5. The jury in this case probably understood "substantial" factor as meaning "predominant" or "overriding" factor, rather than in its legal meaning as explained by the court in its instructions.