598 A.2d 1021

Mark CHIAVERINI

v.

SEWICKLEY VALLEY HOSPITAL, Appellant.

Mark CHIAVERINI, Appellant,

v.

SEWICKLEY VALLEY HOSPITAL.

Superior Court of Pennsylvania.

Argued Sept. 11, 1991.

Filed Nov. 7, 1991.

631

Gayle L. Godfrey, Pittsburgh, for Sewickley Valley Hosp.

Edward B. Friedman, Pittsburgh, for Chiaverini.

Before OLSZEWSKI, MONTEMURO and HOFFMAN, JJ.

HOFFMAN, Judge:

■ These cross-appeals are from an order dated February 27, 1991, granting plaintiff's motion for a new trial following an inconsistent jury verdict.[1] In the appeal docketed at No. 585 Pittsburgh 1991, Sewickley Valley Hospital ("SVH"), the defendant in this medical malpractice action, contends that (1) the trial court abused its discretion by granting a new trial; and (2) the new trial, if upheld, should be limited to the issue of liability. In the cross-appeal, docketed at No. 623 Pittsburgh 1991, the cross-appellant ("plaintiff") contends that the new trial was properly granted, and advances six assignments of error relating to the trial court's evidentiary rulings. For the following reasons, we affirm the order granting a new trial on both the issues of liability and damages.

Plaintiff brought a medical malpractice action against SVH, alleging that hospital staff negligently catheterized plaintiff. A jury trial was conducted on September 12–21, 1990, in the Court of Common Pleas of Allegheny County. After the jury was charged and had deliberated, they returned the following answers to interrogatories:

1. Do you find that the Defendant was negligent?

*Answer:* Yes.

2. Was the Defendant's negligence a substantial factor in bringing about the Plaintiff's harm?

*Answer:* No.

3. State the amount of damages, if any, sustained by the Plaintiff as a result of the occurrence.

*Answer:* $50,000.

N.T., September 21, 1990, at 1201–02. After denying plaintiff's request to recharge the jury, the trial court molded the verdict to reflect zero damages. Plaintiff filed timely post-trial motions, in which he alleged numerous assign-

---

1. An order awarding a new trial is an appealable order. *Palmer v. Foss Motors, Inc.,* 458 Pa. 535, 538, 327 A.2d 80, 82 (1974).

ments of error. On February 27, 1991, the court granted plaintiff's motion for a new trial generally, based only on the first assignment of error, that the court erred in molding the verdict. This timely appeal and cross-appeal followed.

On appeal, SVH contends that the trial court was correct in molding the verdict, and thus, erroneously reversed itself by granting plaintiff's motion for a new trial. Specifically, SVH argues that the interrogatory answers merely reflect a finding that the plaintiff sustained damages, but that SVH's negligence was not a substantial factor in causing those damages. Thus, appellant argues that the verdict was not inconsistent so as to necessitate a new trial. We disagree.

It is well-settled that the decision whether to grant a new trial is within the sound discretion of the trial court, and that court's decision will be overturned on review only if we determine that the court committed a clear abuse of discretion or error of law. *Spang & Co. v. U.S. Steel Corp.*, 519 Pa. 14, 24, 545 A.2d 861, 865 (1988) (citation omitted); *Thompson v. City of Philadelphia*, 507 Pa. 592, 599–600, 493 A.2d 669, 673 (1985). Although there is a presumption of consistency with respect to a jury's findings, *Giovanetti v. Johns–Manville Corp.*, 372 Pa.Super. 431, 440, 539 A.2d 871, 875 (1988) (citation omitted), "the verdict to be molded must manifest a clear intent on the part of the jury. Where the intention of the jury is far from obvious, the verdict should be returned to the jury for further deliberations or a new trial should be granted." *Krock v. Chroust*, 330 Pa.Super. 108, 116, 478 A.2d 1376, 1380–81 (1984) (citation omitted). *See also Palmer v. Foss Motors, Inc.*, 458 Pa. 535, 542, 327 A.2d 80, 83–84 (1974) (although strict form not required in verdicts, jury's intention must be free of ambiguity and clearly understood); *Rusidoff v. Debolt Transfer, Inc.*, 251 Pa.Super. 208, 212, 380 A.2d 451, 453 (1977) (if verdict shows confusion and lack of understanding of issues, new trial may be granted) (citing *Keeler v. Bair*, 407 Pa. 335, 180 A.2d 914 (1962)).

In the instant case, SVH argues that because "[q]uestion three has no bearing on the liability aspect of the case ... the jury's finding set forth in Interrogatory answer number two makes the damage answer in number three mere surplusage." Appellant's Brief at 11. However, our Supreme Court rejected a similar argument in *Ferrick Excavating v. Senger Trucking*, 506 Pa. 181, 484 A.2d 744 (1984). In *Ferrick*, the jury found that (1) the defendant was negligent; (2) the defendant's negligence was the proximate cause of the plaintiff's damages; (3) the plaintiff was contributorily negligent; (4) the plaintiff's contributory negligence was not the proximate cause to plaintiff's injuries; and (5) eighty-percent of negligence was attributable to the defendant, and twenty-percent to the plaintiff. The *Ferrick* court refused to hold that because all questions of negligence and causation were answered, answers four and five were irrelevant. Rather, the court stated, "[q]uestions 4 and 5 do exist, and unless they are to be regarded as mere surplusage, they set up an irreconcilable inconsistency between the finding in 4 that Ferrick's negligence was not a proximate cause of the injury and the finding in 5 that Ferrick's proximate negligence was 20%." *Ferrick, supra,* 506 Pa. at 187, 484 A.2d at 747. The court observed that a reading of all five answers together resulted in the defendant having to pay both one-hundred-percent and eighty-percent of the damages. The court concluded that although normally, such an inconsistency would require a new trial, remittitur was properly granted in that case. *Id.*

■ Similarly, in the instant case, an attempt to reconcile the three jury findings results in SVH being liable, simultaneously, for no damages, due to the finding that its negligence was not a substantial factor, and for $50,000, because the jury so found in question three. In other words, the three answers cannot be reconciled to permit a molding of the verdict. Rather, we must follow *Ferrick* in holding that answer three is not mere surplusage simply because an-

swers one and two address questions of negligence and causation.[2]

Moreover, the three answers indicate that the jury did not understand the jury charge. The court instructed the jury, "[i]f you find the defendant is not negligent or that his negligence was not a substantial factor in bringing about harm to the plaintiff, your verdict must be for the defendant." N.T., September 21, 1990, at 1200. The court also specifically charged the jury as to the elements of negligence, proximate cause and damages. *See* September 21, 1990, at 1174–75, 1186–90. If the jury understood the charge, it is unlikely that they would have answered the three questions as they did.

Hence, we are unpersuaded by SVH's assertion that the jury's findings as to negligence and proximate cause should control to the exclusion of their finding with respect to damages. Rather, the award of damages is at odds with the finding of no causation between defendant's negligence

**2.** We note that both cases on which SVH relies are distinguishable. In *Goldmas v. Acme Markets, Inc.*, 393 Pa.Super. 245, 574 A.2d 100 (1990), this court held that it was not an abuse of discretion for the trial court to deny a motion for a new trial because the presumption of consistency of the jury verdict applied. In *Goldmas*, it was clearly discernible from the jury's consistent answers as to the plaintiff's contributory negligence that the jury did not intend to attribute any negligence to the plaintiff, despite its attributing only 75% causal negligence to the defendant. Because there was no doubt that the jury found the defendant negligent and the plaintiff not contributorily negligent, the *Goldmas* court was able to hold that the percentage answer was mere surplusage. In contrast, in the instant case, it was not possible to determine whether the jury intended to find SVH liable. Thus, question three cannot be held to be mere surplusage.

Likewise, in *Goertel v. Muth*, 331 Pa.Super. 179, 480 A.2d 303 (1984), this court held that a new trial was not warranted because the jury's intent was clear from the verdict slip. In *Goertel*, the court instructed the jury that under the Comparative Negligence Act, if the jury found the plaintiff more negligent than the defendant, then the plaintiff could not recover. Thus, although the interrogatory answer attributing ten-percent negligence to the defendant appeared to conflict with the answer finding that defendant's negligence was not a substantial factor, the court concluded that because of the comparative negligence instruction, it was clear that the jury intended to give the verdict to the defendant. By contrast, in the instant case, it is not clear to whom the jury intended to give the verdict.

and plaintiff's injury. "If the trial judge must assume facts which cannot be discerned from the verdict, then the verdict should not be molded." *Krock, supra,* 330 Pa.Super. at 116, 478 A.2d at 1381 (citation omitted). Here, as the trial court aptly observed, "one is reduced to speculation as to why, in disregard of the charge, the jury awarded damages." Opinion, Ross, J., at 7. Thus, the trial court did not abuse its discretion by granting a new trial.

SVH next contends that if a new trial is conducted, it should be limited to the issue of liability. Specifically, SVH argues that the new trial should leave undisturbed the jury's determination as to damages. We cannot agree.

 The trial court's decision whether to limit a new trial to a particular issue or grant a new trial as to all issues will not be reversed absent an abuse of discretion. *Cf. Rhodes v. Hollender,* 260 Pa.Super. 290, 293, 393 A.2d 1268, 1269–70 (1978) (trial court abused its discretion by limiting new trial to damage issue). Moreover, "the power to grant a limited new trial should be cautiously exercised." *Troncatti v. Smereczniak,* 428 Pa. 7, 9, 235 A.2d 345, 346 (1967) (citation omitted).

 The parties have not cited, and our research has failed to uncover, any case in which a court has determined whether a new trial should be limited to the liability issue. However, in examining whether the trial court properly limited a new trial to the issue of damages, our Supreme Court set forth the following standard:

> new trials may be limited to specific issues only when this procedure will be fair to both parties.... [A] lower court may grant a new trial, limited to the issue of damages, *only* where (1) the question of liability is not intertwined with the question of damages, *and* (2) the issue of liability is either (a) not contested or (b) has been fairly determined so that no substantial complaint can be made with respect thereto.

*Gagliano v. Ditzler,* 437 Pa. 230, 232–33, 263 A.2d 319, 320 (1970) (emphasis in original) (citations omitted). Thus, it is

conceivable that a new trial could be limited to the issue of liability. By analogy, however, a new trial could only be limited to the issue of liability if the issues of liability and damages were separable, and if the issue of damages was either uncontested or had been fairly determined.

■ In the instant case, an irreconcilable verdict was the basis on which a new trial was granted. Because the liability finding directly conflicted with the damage determination, we cannot, as SVH urges, conclude that "the issue of damages has been fairly determined and is readily separable from the issue of liability." Appellant's Brief at 19. On the contrary, it is particularly because we do not know which determination, the liability finding or the damage finding, is the one to which we should give effect, that the verdict necessitates a new trial on both issues. Accordingly, the trial court did not abuse its discretion in granting a new trial on both issues.[3]

For the foregoing reasons, the order of the trial court granting a complete new trial is affirmed.

Order affirmed.

---

3. Because we affirm the order granting a new trial, it is not necessary for us to consider plaintiff's other contentions as to the allegedly erroneous evidentiary rulings in the now-nullified trial.